ELISHA P. UPTON, assignee, *vs.* NATIONAL BANK OF SOUTH READING.

Middlesex.   Jan. 19. — March 4, 1876.   COLT & ENDICOTT, JJ., absent.

Under the U. S. St. of 1864, *c.* 106, § 28, authorizing a banking corporation established under the statute to purchase, hold and convey such real estate " as it shall purchase at sales under judgments, decrees or mortgages held by such association, or shall purchase to secure debts due to said association," such corporation has authority to purchase such real estate as may be necessary in order to secure a debt due to it, although in excess thereof, if the security of the debt is the real object of the purchase.

Upon a bill in equity by an assignee in bankruptcy to redeem a mortgage upon the land of the bankrupt from the assignee thereof, oral evidence is admissible in behalf of the defendant that the bankrupt applied to him for a loan of a certain sum to enable him, together with his own funds, to take up the mortgage, that the defendant lent him the sum requested upon his verbal promise to assign the mortgage to him to secure the sum lent and certain notes then due to the defendant by the bankrupt.

BILL IN EQUITY by the assignee in bankruptcy of Daniel P. Emerson, to redeem certain lands from a mortgage given by Emerson to John Sawyer, to secure the payment of $4500, and assigned by several conveyances to the defendant.

The bill alleged that the debt for which the mortgage was given had been all paid, except the sum of $800 and interest from August, 1873, and that before this suit was begun the plaintiff was ready and offered to pay that sum to the bank.

The defendant's answer admitted these allegations, and alleged that prior to February 21, 1871, the bank had three notes against Emerson amounting to $911.21, and that by a parol agreement, which was set forth in the answer, between Emerson and the bank, the latter agreed to lend $3000 on the mortgage and to take an assignment of the same to secure said $3000 and the said three notes. A general replication was filed, and an issue for the jury was framed and tried before *Wells*, J. The jury found that such an agreement was made.

The plaintiff objected to the proof of such an agreement by oral evidence; and asked the judge to rule as follows:

" 1. That it was not competent for the defendant to set up and prove such an oral agreement for the purpose for which the evidence was offered under the answer.

" 2. That the purchase of the mortgage by the defendant, and the loan made thereon were contrary to the U. S. St. of 1864, *c*. 106, § 28, and the bank could not legally hold the same for the purposes set forth in the answer." The judge overruled both objections.

It appeared that on February 21, 1871, the mortgage was held by Abbott & Thomas, and that the full amount of the mortgage note, $4500, was then due and unpaid. Emerson had been in negotiation with an officer of the defendant bank who was also an officer of the South Reading Agricultural & Mechanic Association, for an advance of $3000 to enable him, with other funds which he expected to procure, to take up his mortgage from Abbott & Thomas. Some objection was suggested as existing, under the act of Congress, against making the transaction directly with the bank; and it was then proposed and arranged that the transaction should be had with the association aforesaid. Emerson thereupon procured an assignment of the mortgage to

the association to be made and executed by Abbott & Thomas, and procured Abbott to go with him to the counting-room of the bank and association. The officers of the association declined to take the assignment and to make the advance of $3000; whereupon Emerson arranged with the defendant to make the advance, and as a part of the arrangement and as inducement thereto made the oral agreement, above referred to, that the bank should hold said mortgage as security as well for the three notes amounting to $911.21 already held and due to said bank, as for the $3000 then to be advanced.

To carry this arrangement into effect, Thomas not being present, an assignment from the association to the bank was thereupon prepared and executed; the bank advanced $3000 to Emerson; he paid over the same sum, with $1500 more which he had procured elsewhere, to Abbott for Abbott & Thomas, adjusted the interest to that date, which last was indorsed upon the note, and the note, with no payments indorsed except of the interest, together with the mortgage thus assigned, were delivered to the defendant.

Upon the foregoing facts and the finding of the jury upon the issue submitted to them as above stated, the judge ruled and held that the defendant was entitled to hold the mortgage for security of the three notes aforesaid, as well as for the $3000 advanced; and ordered a decree to be entered for redemption upon payment of the amount now remaining due of said two sums, and costs for the defendant; and reported the case for the consideration of the full court. If the rulings were wrong, and the bank was entitled to hold only for what remains due of the $3000 so advanced, the decree was to be modified accordingly, with costs for the plaintiff, or such other disposition of the case was to be made as should to justice and equity appertain.

*C. P. Judd*, for the plaintiff.

*C. W. Eaton & S. K. Hamilton*, for the defendant.

DEVENS, J. While it is not lawful for banking associations, established under the U. S. St. of 1864, *c.* 106, to purchase, hold and convey real estate except in certain specified cases, among these exceptions are included such real estate " as shall be mortgaged to it in good faith by way of security for debts previously contracted; such as shall be conveyed to it in satisfaction of

debts previously contracted in the course of its dealings ; such as it shall purchase at sales under judgments, decrees or mortgages held by such association, or shall purchase to secure debts due to said association." Under the latter clause it cannot be deemed that the only authority given to such associations is to purchase only to the exact amount of the debts which may be owing to them, but they are entitled to purchase such real estate as may be necessary in order to secure the debts due to them so long as the security of such debts is the real object of the purchase.

Upon advancing $3000 for the purchase of the mortgage which had been assigned to the South Reading Agricultural & Mechanic Association, Emerson himself paid $1500 of the debt of $4500 which the mortgage was originally given to secure, and consented that the bank should hold the mortgage to secure the sum of $3000 thus advanced, and also three notes amounting to about $911 then due from him to the bank. The claim that this was a loan of money upon real estate security or a purchase of real estate, is not maintained when it is found as a fact that the inducement to this transaction was the agreement that the mortgage and the real estate upon which it was secured should be held for the antecedent debt due to the bank.

The objection that such an oral agreement could not be put in evidence cannot be maintained. While an indebtedness, other than that for which the mortgage was given, cannot legally be attached to such mortgage, yet it is competent, in answer to a bill in equity to redeem a mortgage, for the defendant to show that it would be inequitable to allow the plaintiff to do so upon payment of the amount apparently due thereon, inasmuch as the defendant had for valuable consideration orally agreed that it should not thus be discharged, but should remain as security for other debts. *Joslyn* v. *Wyman*, 5 Allen, 62. *Stone* v. *Lane*, 10 Allen, 74. Had any question of title arisen between the defendant and a subsequent mortgagee, attaching creditor or *bonâ fide* purchaser, or even if an action at law had been brought by the defendant to foreclose the mortgage, it must have been decided that the defendant could enforce the mortgage only for that portion of the $3000 now actually due. But, if the present bill had been brought by Emerson, he could not have been allowed

to obtain a release or discharge of the mortgage from the defendant, to whom it has been assigned, except upon the performance of his oral agreement with the defendant in relation to his antecedent debt. *Joslyn* v. *Wyman, ubi supra. Stone* v. *Lane, ubi supra.*

By the assignment in bankruptcy, the assignee has succeeded to all the rights of Emerson, but his rights here are not superior to those of Emerson. He has come into a court of equity to seek its aid in obtaining those rights, and is, therefore, to do what Emerson would have been compelled to do. In order to obtain a decree for the redemption of the mortgage, he must perform the oral agreement that the debt of $911 due the bank should be paid, as well as pay the balance of the $3000 which is now due. *Decree accordingly.*