[In Bank. — February 20, 1883.]

## P. B. HEWLETT, APPELLANT, *v.* MARK. A. MILLER, RESPONDENT.

SPECIFIC PERFORMANCE—WRITTEN CONTRACT—SUBSEQUENT PAROL AGREEMENT.— The action was brought to specifically enforce a written contract to convey real estate. At the trial the defendant was allowed to show that by a subsequent parol agreement he was to retain the title until certain money loaned by him to the plaintiff, and not named in the original contract, should be repaid. *Held,* that the evidence was competent.

APPEAL from a judgment of the Superior Court of the county of Sacramento, and from an order refusing a new trial.

*H. C. Firebaugh,* and *Rhodes & Barstow,* for Appellant.

*Estee & Boalt,* and *Beatty & Beatty,* for Respondent.

PER CURIAM. — The opinion in this case rendered by Department One is hereby approved and adopted as the opinion of the court in Bank, and the following additional authorities are referred to in support of the same. (*Joslyn* v. *Wyman,* 5 Allen, 62; *Stone* v. *Lane,* 10 Allen, 74; *Upton* v. *National Bank,* 120 Mass. 153.)

Judgment and order affirmed.   Rehearing denied.

Opinion of the Department:

PER CURIAM. — In an action for the specific performance of a written contract to convey real estate, it is competent for the defendant to show that by a subsequent parol agreement he was to retain the title until other money than that named in the original contract (which had been loaned by him) should be repaid; and he may properly refuse to convey until such other money be repaid. (*Clark* v. *Grant,* 14 Ves. Jr. 519; *Quinn* v. *Roath,* 37 Conn. 16.) This is practically the only question involved in this case.   The judgment is therefore affirmed.