LEWIS A. BELL *et al.* v. H. A. COFFIN.

No. 63.

1. TRIAL BY JURY—*General Verdict Necessary.* In a case tried by a jury, in which a trial by jury is a matter of right, a general verdict must be rendered, and while it is the duty of the court to submit special questions upon request of the parties, it cannot, by so doing, dispense with a general verdict.

2. MORTGAGE DEED—*Cannot be Varied by Oral Declaration.* A mortgage given to secure a certain debt cannot be extended by mere oral declaration to secure an entirely different indebtedness contracted subsequently to the execution of the mortgage.

MEMORANDUM.—Error from Graham district court; CHARLES W. SMITH, judge. Action by H. A. Coffin against Lewis A. Bell and Malinda Bell on a promissory note, and to have a deed declared to be a mortgage. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein was filed February 14, 1896.

The statement of the case, as made by GILKESON, P. J., is as follows:

This was an action brought upon a promissory note and to declare a deed given to be a mortgage for the security of the same, and that it be foreclosed. The petition alleges that on the 20th of May, 1890, the defendants, Bell and wife, were indebted to the plaintiff, H. A. Coffin, in the sum of $2,500, for which they gave their note drawing 10 per cent. interest; that on the same date they executed a warranty deed to certain real estate in Graham county, in consideration of the sum of $2,300; that it was the understanding of all the parties that this deed was given as a mortgage to secure all of the indebtedness existing between plaintiff and defendants, and the sum of $2,300; that between May 20 and August 18,

22—2 APP.

1890, the defendants Bell had made certain payments upon this note, leaving at that time a balance due of $1,157.34; that on August 18, 1890, the defendants gave their note for this amount to the plaintiff, and it was at this time agreed and understood that this sum should be secured by the deed before given, and the same should continue in force as security therefor; that upon this last note payments have been made, so that the balance due at the time suit was brought was $545.90.

The answer of the defendants admits the indebtedness of May 20, 1890, of $2,500, but says that it has been fully paid, and that the note given therefor was delivered up and canceled; that the payments upon said $2,500 note were as follows: June 6, 1890, $423.77, August 4, 1890, $1,627.42, August 12, 1890, $618.26; showing a total amount paid of $2,669.45. They admit the execution of the deed, and aver it was given as security for the $2,500 note only; that on August 18, 1890, they borrowed from the plaintiff the sum of $1,157.34, and this was secured by a chattel mortgage.

Plaintiff replies, first, by general denial, and then admits the payments as stated by defendants, but says that the amounts were placed to the credit of defendants and were checked out and used by them in the purchase of stock, except the sum of $1,342.66, which was applied to the payment of the debt for which the deed was given; that the note of $1,157.34, and chattel mortgage to secure the same, was given as additional security to the deed.

Trial was had before court and jury. Special findings of fact were returned by jury, but no general verdict was returned. The court rendered judgment in favor of the plaintiff and against defendants for the sum of $575.89, and decreed the deed to be a mortgage

and that the same was a lien upon the land therein described, and ordered the same to be sold for the payment of the judgment so rendered. The defendants objected in proper time to the rendering of any money judgment in this case for the reason that no general verdict had been returned by the jury, and to the rendition of any judgment herein for the same reason, which being overruled, motion for a new trial was filed, which was overruled and excepted to, and defendants now bring the case here for review.

*G. W. Jones,* for plaintiffs in error.

*Z. C. Tritt,* for defendant in error.

The opinion of the court was delivered by

GILKESON, P. J. : The record in this case discloses that ·no general verdict was rendered by the jury ; that upon the filing of their special findings of fact they were discharged. Nor were all the issues in the case submitted to them by the special findings, nor in the instructions of the court. The special questions were submitted to the jury by the court upon its own motion, and are ·as follows :

"(1) Has the defendant Lewis A. Bell paid the indebtedness to the plaintiff, represented by the $2,500 note, executed May 20, 1890, in full? A. No.

"(2) If you answer the above question in the affirmative, state when and in what manner the same was paid. (Not answered.)

"(3) If you answer the first question in the negative, how much, if anything, was paid? A. $1,500.

"(4) Was the note sued on in this action given in renewal and a part of the debt represented by the $2,500 note? A. Yes.

"(5) Was the note sued on given for a balance due from Bell to the plaintiff after the payment of the

$2,500? A. No, it was given for a balance of $2,500 and overdraft.

"(6) Was the deed in suit given to secure the payment of a then-existing debt? If yes, what was the amount of the debt which it was given to secure? A. Amount of $2,400.

"(7) At the time the note in suit was executed, was it agreed by the defendant Bell and the bank that the deed before executed should stand to secure the debt represented by the note in suit? A. Yes."

Section 266 of the civil code of procedure provides :

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived or a reference be ordered, as hereinafter provided."

Section 286 provides :

" In all cases, the jury shall *render* a general verdict, and the court shall in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact," etc.

In the trial of this case, as we have said, neither a jury nor a general verdict was waived. No general verdict was submitted by the court to or returned by the jury. They found only upon particular questions of fact, submitted by the court upon its own motion, evidently upon the theory that by these special findings the general verdict was dispensed with. We think the language of the code is too imperative to admit of this. . The rule is laid down by our supreme court in *Henrie v. Buck*, 39 Kan. 382, where, passing upon the identical question and construing the section of the code we have given, Mr. Justice JOHNSTON says :

"Another matter only needs attention, and that is the refusal of the court to permit the return of a gen-

eral verdict by the jury.    We see no reason to except this case from the statutory rule, which provides *that in any case which may be and is tried by a jury a general verdict shall be rendered.*"

The litigant is unquestionably entitled to the benefit the law confers when it grants him the right to a trial by jury.    The court has no power to deprive him of it, and when this court did virtually deprive him of a general verdict it substantially deprived him of that right which the statute expressly gave.    And this court has followed the rule laid down by the supreme court in *Henrie v. Buck*, supra, and in *Taft v. Baker*,* (42 Pac. Rep. 502).    It is the duty of the court to submit special questions upon request of either party, but it cannot properly dispense with a general verdict.

It is admitted that the deed executed by the plaintiffs in error was intended as a mortgage, and given to secure the note dated on the ―― day of May, A. D. 18――, for $2,500, and the jury found that the note sued upon, of date August 18, 1890, for the sum of $1,157.34, was made up of a balance due on the original note of $2,500 and of certain overdrafts, and that it was agreed between the bank and Bell, when this last note was given, that this deed should stand to secure the debt represented by said note.    Upon these findings, the trial court rendered judgment in favor of the plaintiff bank for the amount it claimed to be due thereon, and decreed that the judgment was a lien upon the real estate therein described for the full amount thereof.    In this the court erred.    The attempted extension of the deed as a security for the new debt was not in writing.    Land cannot be conveyed by parol, nor can any person divest himself of

* Not yet reported.

any title thereto, or interest therein, by the mere use of oral declarations. Section 8 of the act concerning conveyances, sections 5 and 6 of the act relating to frauds and perjuries (Gen. Stat. 1889, ¶ ¶ 3165, 3166) and section 1 of the act concerning trusts and powers (Gen. Stat. 1889, ¶ 7159) make void every parol agreement which attempts to create an interest in lands, with some exceptions, and this extension does not fall within the excepted clauses. The agreement in this respect, therefore, had no validity, and the deed never became a security for any of the subsequent indebtedness, and could only be a lien upon the land for the balance due (if any) upon the note of $2,500.

The judgment of the district court will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Judges concurring.