NICHOLAS WELLER v. GUSTOF SUMMERS.[1]

January 23, 1901.

Nos. 12,403—(193).

**Deed Given in Place of Mortgage.**
Findings of the trial court *held* sustained by the evidence.

Action in the district court for Waseca county to have a deed declared a mortgage and for other relief. The case was tried before Buckham, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*John Moonan,* for appellant.
*P. McGovern,* for respondent.

BROWN, J.

On January 29, 1894, plaintiff, his wife joining, executed and delivered to defendant a warranty deed conveying to him certain real estate owned by plaintiff in the city of Waseca. On the theory and claim that the deed was executed and delivered as security for the payment of an indebtedness due from plaintiff to defendant, and was in equity a mortgage, plaintiff brought this action to have such deed declared a mortgage, for an adjudication and determination of the amount due and unpaid on the indebtedness secured thereby, and for the right to redeem. The cause was tried before the court without a jury, judgment was ordered for plaintiff, and defendant appeals from an order denying a new trial.

The court below found the facts in accordance with plaintiff's contention, and the principal question in the case is whether the findings are sustained by the evidence. The court found that the deed was given to secure the payment of $2,250, and that subsequently, by agreement of the parties, the sum of $360 was added thereto, and included within the indebtedness secured; that the parties agreed at the time of the transaction, and as a part there-

1 Reported in 84 N. W. 1022.

of, that defendant should take possession of the property and apply the rents and profits towards the payment of taxes, and interest and principal of the indebtedness secured. Defendant accepted the deed, and entered into the possession of the property, and has since occupied it. The court found the amount of such rents and profits, applied the same as stipulated by the agreement, and, after making proper application thereof, further found that there was a balance still due defendant of the sum of $1,775.05. Judgment was ordered for a reconveyance of the property upon payment of such balance to defendant.

We have examined the record carefully, and reach the conclusion that the findings of the trial court are fully sustained by the evidence. The claim on the part of defendant that the note signed by the plaintiff's wife should have been included in the amount due is without merit. The deed was not given to secure that indebtedness. It is not important what debts plaintiff may have subsequently expressed a willingness to pay to secure a reconveyance of his property. He can be required by law to pay only such debt or debts as were secured by the deed. For this same reason the amount of the judgment against plaintiff paid by defendant was properly excluded by the trial court. The question as to whether plaintiff or defendant paid the disputed item of taxes was one of fact; and the finding of the trial court cannot be disturbed. No other question need be considered.

Order affirmed.