EDWARD P. FLYE *vs.* JOHN G. BERRY.

Norfolk.    March 14, 1902. — May 22, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, HAMMOND, & LORING, JJ.

*Mortgage,* Of real estate.    *Equity Jurisdiction.    Equity Pleading and Practice,*
Master's report.

The performance of the condition of a mortgage by payment before maturity
leaves the mortgagee with no estate in the premises, and the mortgagor
without any assignment or discharge is in of his old estate.

One who, knowing that a mortgage has been paid before its maturity, takes the
satisfied mortgage from the mortgagor as security for a new debt, whatever
may be his equitable rights as against the mortgagor, has no right to maintain
a bill to redeem or to restrain foreclosure against the holder for value of a
prior mortgage given by the same mortgagor upon the same property.

When a master, directed to hear two cases together, embodies in his report in
one case facts and findings which relate to the other, this furnishes no ground
for an exception, but the case in hand is to be decided upon such facts stated
in the report as properly pertain to it.

BILL IN EQUITY, filed December 13, 1900, by the purchaser
at a foreclosure sale under a mortgage given by one Lawrence
McGinnis to the Roxbury Brewing Company on September 15,
1898, to restrain the foreclosure of a prior mortgage given by
the same mortgagor to the Milford Co-operative Bank on Sep-
tember 17, 1895, and assigned by that bank to the defendant
on June 28, 1899, alleging that on or about March 17, 1899, the
debt secured by the defendant's mortgage had been discharged
by insurance money received by the bank on account of build-
ings on the premises destroyed by fire, or, if anything remained
due on the mortgage, praying to redeem.

The case was heard in the Superior Court upon a master's
report and exceptions thereto.    That court made a decree that
the bill be dismissed and the defendant recover his costs; and
the plaintiff appealed.

*C. G. Keyes & C. D. Keyes,* for the plaintiff.

*G. B. Williams & W. Williams,* for the defendant.

KNOWLTON, J.    The question in this case is whether the
plaintiff has a title on which he can maintain this suit.    His
title rests on a mortgage given by Lawrence McGinnis to the

Roxbury Brewing Company on September 15, 1898, to secure a note of $1,700 payable one year after that date. On June 15, 1899, the amount due on this note and mortgage was paid by the son of the mortgagor with the mortgagor's money, and the mortgage was assigned to one Bresnahan, who paid nothing for it but held it for the benefit of the mortgagor. This performance of the condition of the mortgage before the note became due left the mortgagee with no estate in or title to the premises, and he could convey nothing by an assignment; but the mortgagor, without any assignment or discharge, was in of his former estate. *Holman* v. *Bailey*, 3 Met. 55. *Grover* v. *Flye*, 5 Allen, 543. *Barnes* v. *Boardman*, 149 Mass. 106, 114, 115.

The reissue of the note with a stipulation that the mortgage should continue in force could not change the title. Nothing less than a new deed could create a new title. *Merrill* v. *Chase*, 3 Allen, 339. *Joslyn* v. *Wyman*, 5 Allen, 62. *Stone* v. *Lane*, 10 Allen, 74. *Douglas* v. *Stetson*, 159 Mass. 428. It was held in *Merrill* v. *Chase* and in *Joslyn* v. *Wyman, ubi supra*, that on a bill in equity to redeem a mortgage, if the mortgagor had agreed by parol that the mortgage might ·be held as security for advances beyond the amount originally secured by it, and if the advances had been made in good faith, the mortgagor would not be given a decree for redemption unless he would pay the amount so advanced, the doctrine being that he who seeks the aid of a court of equity must do equity. This is not such a case. The plaintiff who asks for a decree from a court of equity must show a right or title which the court recognizes as a foundation for affirmative action. If it were possible to maintain a bill of this kind on equitable considerations without any legal title, which we do not decide, the plaintiff in this case has no such right as against the defendant. Bresnahan, who took the assignment of this mortgage from the mortgagee at the time of the payment of it, had previously taken a conveyance of the equity of redemption under a foreclosure of a later mortgage, and this he did for the benefit of Lawrence McGinnis, the original mortgagor. The master finds that Jennings, under whom the plaintiff claims, took an assignment of this earlier mortgage from Bresnahan with knowledge that Bresnahan held both the mortgage and the equity for the benefit of Lawrence McGinnis,

and this was on June 28, 1899, before the note became due. This was equivalent to knowledge that the note had been paid and the condition of the mortgage performed by the mortgagor before it became due. Whether he knew how the payment was made and the course of proceedings by which Bresnahan came to hold it for Lawrence McGinnis, is immaterial. It is enough that he knew the mortgagor to be the owner of the note and mortgage which were held for his benefit. The master finds that he had reasonable cause to believe that the assignment to Bresnahan had been secured by John McGinnis, the son of Lawrence, by a payment made by John representing Lawrence. This is a case in which one, knowing that a mortgage has been paid before its maturity, takes the satisfied mortgage as security for a new debt. If this gives an equitable right against the mortgagor, the defendant has at least as high an equity, for he took for a valuable consideration, and, so far as appears, without knowledge that it had been satisfied, a first mortgage given by the same mortgagor upon the same property. The plaintiff's equity is not superior to that of the defendant and he cannot maintain this bill. Questions in regard to a possible estoppel in favor of the plaintiff against the original mortgagor are not material to this case and need not be considered.

The master was directed by the rule to hear this and another case together, and he has embodied in his report facts and findings which relate to the other case. This fact furnishes the plaintiff no good ground of exception. This case is to be decided upon such of the facts stated in the report as properly pertain to it.

The mortgage having been satisfied before maturity, it is unnecessary to consider the doctrine of merger, as distinguished from the doctrine already stated which leaves the mortgage a nullity upon performance of the condition according to the terms of the instrument.

*Decree affirmed.*