## JOHN W. HAYHURST

*vs.*

## MICHAEL J. MORIN AND J. A. LETOURNEAU, Trustee in Bankruptcy.

### Kennebec.    Opinion May 8, 1908.

*Mortgagor and Mortgagee.    Mortgage Contracts.    Oral Agreement to Attach*
*new Debt to Mortgage Debt.    Same not Enforceable in Action at Law*
*to Foreclose Mortgage.    Different Rule Obtains in Bill*
*in Equity by Mortgagor to Redeem.*

A mortgagee is entitled to have his mortgage upheld and enforced according to the terms and stipulations of the contract therein specified which the mortgage was originally designed to secure, and no mere change in the form of indebtedness, without actual payment of the debt, is deemed sufficient to entitle the mortgagor to a discharge or release.

In an action at law to foreclose a real estate mortgage, an oral agreement even for a valuable consideration cannot be enforced for the purpose of attaching a new debt to the debt which the mortgage was originally given to secure.

After an actual extinguishment of the debt secured by a real estate mortgage, the mortage cannot be revived by an oral agreement to keep it in force to secure any new and independent debt which can be made the foundation of a conditional judgment in an action at law brought by the mortgagee against the mortgagor to foreclose the mortgage.

If a mortgagor for a new consideration makes an oral agreement that the mortgage shall be continued in force as security for a new loan, and advances have been made by the mortgagee to the mortgagor upon the faith of such agreement, a court of equity in a bill in equity brought by the mortgagor to redeem will refuse to extend its aid to relieve the mortgagor from such valid oral agreement on the principle that he who seeks equity must do equity.

In the case at bar, a writ of entry was brought for the purpose of foreclosing a real estate mortgage given by the defendant Morin to the plaintiff October 3, 1899, to secure the payment of a note for $900 given to the plaintiff by the defendant Morin payable at the rate of $200 per year. October 3, 1903, the amount due on the mortgage note was $450. November 9, 1903, the defendant Morin gave a second mortgage of the same premises to one Marshall to secure the payment of $800 excepting in the covenant against incumbrances the first mortgage to the plaintiff and expressly stat-

ing that the amount then due thereon was $450. At the time the action was brought, the note for $800 secured by the second mortgage to Marshall remained unpaid and proceedings for the foreclosure of that mortgage were pending. October 3, 1905, the defendant Morin obtained from the plaintiff a loan of $200 and gave the plaintiff a note therefor payable on demand, and November 6, 1905, the defendant Morin obtained from the plaintiff another loan of $250 for which he gave the plaintiff a note payable in one year. A few days after the last named loan was obtained the plaintiff and the defendant Morin agreed that the last named loans amounting to $450 should be secured by the aforesaid mortgage given by the defendant Morin to the plaintiff October 3, 1899. At the time this agreement was made the plaintiff had actual notice of the second mortgage to Marshall. March 5, 1906, the defendant Morin was adjudicated a bankrupt and thereafterwards the defendant Letourneau was duly appointed and qualified as trustee in bankruptcy of the defendant Morin's estate, and in his capacity as trustee he appeared in defense in the plaintiff's action to represent the interest of the creditors of the defendant Morin. The mortgage given by the defendant Morin to the plaintiff October 3, 1899, to secure the payment of the aforesaid note of $900 contained no stipulation respecting any other debt or further advances and it did not appear that at the time the mortgage was given there was any oral agreement in regard to such advances.

*Held:*  (1)  That while it is competent in answer to a bill in equity to redeem a mortgage, for the defendant to show that it would be inequitable to allow the plaintiff to do so upon the payment of the amount apparently due thereon when it appears that further advances have in fact been made in pursuance and upon the faith of a valid oral agreement that the mortgage should remain as security for such further advances, yet such oral agreement cannot be set up against a subsequent mortgagee or attaching creditor, nor can it be invoked against the mortgagor himself or his assignee in an action at law brought by the mortgagee to foreclose the mortgage.

(2)  That there was no new or valuable consideration for the oral agreement made "a few days" after the new loans of October 3 and November 6, 1903, respectively were made; that such advances did not appear to have been made upon the faith of such oral agreement and that such oral agreement entered into without any new consideration and not in pursuance of any understanding between the parties before the advances were made was not a valid agreement and cannot be enforced against the mortgagor himself in any proceeding at law or in equity.

(3)  That the plaintiff was only entitled to judgment as of mortgage for $450 with interest from October 3, 1905.

On agreed statement.   Judgment for plaintiff.

Writ of entry brought for the purpose of foreclosing a real estate mortgage given by the defendant Morin to the plaintiff to secure the payment of $900. When this cause came on for hearing at

nisi prius an agreed statement of facts was filed and the case was then reported to the Law Court for that court to render such judgment "as the law and the facts require." The agreed statement of facts is as follows:

"It is agreed that on October 3rd, 1899, said Morin borrowed of said Hayhurst the sum of nine hundred dollars and gave a note secured by the mortgage in this cause covering the land described in the plaintiff's writ; that on different dates between said October 3rd and the third day of October, 1903, payments had been made on said note amounting to the sum of four hundred and fifty dollars as witnessed by the indorsements on said note to be applied to the principle sum of said note; that all interest had been paid up to the last named date; that on November 9th, 1903, said Morin gave to Peter Marshall of Waterville in said county a mortgage on same real estate to secure a note for the sum of $800.00 still unpaid and in said mortgage said Morin reserved and excepted from the covenant against incumbrances a certain mortgage given to John W. Hayhurst 'on which there is now due the sum of four hundred and fifty dollars;' that said Marshall has begun foreclosure proceedings on his said mortgage; that on October 3, 1905, and on November 6th, 1905, said Morin borrowed of said Hayhurst the sum of four hundred and fifty dollars and gave notes therefor, signed by himself and his wife, Alice Morin; that an agreement was made a few days after said last named date that said sum should be secured by the mortgage first given by said Morin; that at the time of said agreement said Marshall's mortgage was not recorded; that interest on all sums due from the said Morin to the said Hayhurst was paid to October 3d, 1905; that said Hayhurst had notice of the mortgage that was given by said Morin to said Marshall; that said Morin was adjudicated a bankrupt on March 5th, 1906, and J. A. Letourneau qualified as trustee of his estate March 25th, 1907, and succeeded a former trustee who had resigned and he now comes into this cause to be heard in his said capacity; that said Hayhurst never had but one mortgage on said real estate."

*F. W. Clair,* for plaintiff.

*Letourneau & Matthieu,* for defendants.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, CORNISH, KING, JJ.

WHITEHOUSE, J.   This is a writ of entry brought for the purpose of foreclosing a mortgage of real estate given by the defendant Morin to the plaintiff October 3, 1899, to secure the payment of $900 for which Morin gave a note signed by himself and his wife Alice Morin, payable at the rate of $200 each year.   The case is reported to the Law Court upon an agreed statement of facts for the purpose of determining the amount for which the conditional judgment shall be entered.

The facts disclosed by the agreed statement are as follows:

By reason of the payments of principal and interest made on the note prior to October 3, 1903, the amount due at that date on the note which the mortgage was given to secure, was $450.   November 9, 1903, the defendant Morin gave to one Marshall a second mortgage to secure the payment of a note for $800 with the following provision in the covenant against incumbrances:   "Reserving and excepting a certain mortgage given to John W. Hayhurst on which there is now due the sum of $450;" and it is agreed that Hayhurst never had but one mortgage on the premises.   The note for $800 secured by Marshall's mortgage remains unpaid and proceedings for a foreclosure of that mortgage are pending.

October 3, 1905, the defendant Morin obtained from the plaintiff a loan of $200 and gave him a note therefor signed by himself and wife, payable on demand; and November 6, 1905, obtained from the plaintiff another loan of $250 for which he gave a note signed by himself and wife, payable in one year.   A few days after the last mentioned loan was obtained, an agreement was made between the parties that these loans of October 3 and November 6, 1905, amounting to $450, should be secured by the mortgage in question of October 3, 1899, first given by Morin to the plaintiff.   At the time of this agreement the mortgage of November 9, 1903, from defendant Morin to Marshall had not been recorded, but the plaintiff then had actual notice of that mortgage.

March 5, 1906, the defendant was adjudicated a bankrupt and on the 25th of the same month, J. A. Letourneau was duly qualified as trustee in bankruptcy of Morin's estate, and in that capacity he appeared in defense of this cause to represent the interests of the creditors.

The plaintiff claims that he is entitled to a conditional judgment for a total principal of $900 with interest on the first two notes from October 3, 1905, and on the last two notes from Nov. 6, 1905, to which dates respectively the interest on the notes specified appears to have been paid. But since a judgment for this amount would include the $450 represented by the two loans of Oct. 3 and Nov. 6, 1905, made by the plaintiff after he had notice of the second mortgage given by Morin to Marshall two years before, it is conceded by the plaintiff's attorney that the lien created by the Marshall mortgage must have priority over the lien claimed to have been created by the oral agreement that the last two notes should be secured by the plaintiff's mortgage, and he consents that if a conditional judgment is rendered for the entire $900, that part of it represented by the last two notes above specified may, if possible, be made subject to the prior lien of Marshall as second mortgagee.

The defendant trustee in bankruptcy contends that the judgment should be for $450, and interest from October 3, 1905, that being the balance due on the original note of $900 after deducting the payments of principal and interest made thereon.

It has been seen that the mortgage in question was given by Morin to the plaintiff Oct 3, 1899, to secure a particular debt evidenced by a note of $900. There is no stipulation in the mortgage respecting any other debt or further advances, and it is not claimed that at the time the mortgage was given there was any oral agreement in regard to such debt or advances. The payments of principal and interest made on the note between 1899 and 1903, reduced the amount due on the note to $450. Those payments were all indorsed on the note, and it is not in controversy that the effect of these payments was to extinguish that portion of the particular debt specified in the mortgage. Thereupon, on the 9th of November following, the defendant Morin borrowed $800 of one Marshall and gave

him as security therefor a second mortgage on the same property expressly referring to the plaintiff's mortgage as one upon which there was then due the sum of $450. Two years later Morin negotiates a new loan with the plaintiff for $200, giving a note signed by himself and wife, payable on demand. It is not suggested that any allusion whatever was made to the mortgage at that time or that there was then any understanding that this loan should be secured by the mortgage. A month later, on November 6, 1905, Morin obtained from the plaintiff another loan of $250, giving his note therefor as before and it was not suggested that there was any agreement or understanding at that time that either of these last named notes should be secured by the plaintiff's mortgage. But in the words of the agreed statement "an agreement was made a few days after said last named date (Nov. 6, 1905) that said sum ($450) should be secured by the mortgage first given," although the plaintiff then had knowledge of the second mortgage to Marshall.

The plaintiff is entitled to have his mortgage upheld and enforced according to the terms and stipulations of the contract therein specified which the mortgage was originally designed to secure, and it is unnecessary to cite the authorities which are numerous in support of the proposition that no mere change in the form of the indebtedness, without actual payment of the debt, is deemed sufficient to entitle the mortgagor to a discharge or release. The reasoning in all the cases by which this familiar doctrine is established proceeds upon the assumption that there has never been an actual payment of the indebtedness secured by the mortgage. But it is equally well established that after an actual extinguishment of the debt, the mortgage cannot be revived by an oral agreement to keep it in force to secure any new and independent debt which could be made the foundation of a conditional judgment in an action at law by the mortgagee against the mortgagor to foreclose the mortgage. *Joslyn* v. *Wyman,* 5 Allen, 62; *Stone* v. *Lane,* 10 Allen, 74; *Upton* v. *National Bank,* 120 Mass. 153; *Merrill* v. *Chase,* 3 Allen, 339. In the last named case the court say: "The demandant relies on a parol agreement between the parties that the mortgage should continue as a valid security for future advances. . . . But the

difficulty of supporting such an agreement is this, that a conveyance of land in mortgage is a conveyance by a deed defeasible on a condition subsequent. By the performance of the condition the title of the mortgage is defeated and the mortgagor is in of his former estate." See also Jones on Mortgages, Vol. 1, sect. 357, and cases cited, and Cyc. Vol. 27, page 1073.

It is true that if the mortgagor for a new consideration makes an oral agreement that the mortgage shall be continued in force as security for a new loan, and advances have been made by the mortgagee upon the faith of it, a court of equity in a bill brought by the mortgagor to redeem, will refuse to extend its aid to relieve the mortgagor from such valid oral agreement on the principle that he who seeks equity must do equity. In *Upton* v. *National Bank,* 120 Mass. supra, the court say: "While an indebtedness other than that for which the mortgage is given cannot legally be attached to such mortgage, yet it is competent, in answer to a bill in equity to redeem a mortgage, for the defendant to show that it would be inequitable to allow the plaintiff to do so upon the payment of the amount apparently due thereon, inasmuch as the defendant had for valuable consideration orally agreed that it should not thus be discharged, but should remain as security for other debts." The same equitable doctrine prevailed in *Joslyn* v. *Wyman*, 5 Allen, and *Stone* v. *Lane*, 10 Allen, supra. But in all of these cases the rule of law was clearly stated that such an oral agreement could not be set up against a subsequent mortgagee or attaching creditor; nor could it be invoked against the mortgagor himself or his assignee in an action at law brought by the mortgagee to foreclose the mortgage. See also 27 Cyc. 1179, and *Balch* v. *Chaffee*, 73 Conn. 318, 47 Atl. 327.

In the case at bar, as already stated, the plaintiff concedes that this oral agreement between himself and Morin respecting the loan of Oct. 3 and Nov. 6, 1905, cannot be set up against the second mortgage to Marshall of which the plaintiff had actual notice. The plaintiff admits that as to the $450 represented by those new notes, his mortgage must be held subject to the prior lien of the Marshall mortgage.

But the plaintiff insists that this oral agreement could be set up against the mortgagor himself, the defendant Morin, and since the rights of the defendant Letourneau, the trustee in bankruptcy, cannot be superior to those of Morin, the oral agreement must also be enforced against the trustee. It has been shown, however, by the authorities above cited that in an action at law to foreclose the mortgage, an oral agreement for a valuable consideration cannot be enforced for the purpose of attaching a new debt to that which the mortgage was originally given to secure. But according to the facts stated in the agreement of the parties there is another insuperable objection to the plaintiff's claim. It is distinctly stated that the oral agreement was made some days after the loans were obtained. It does not appear that the advances were made upon the faith of the oral agreement that they should be secured by the mortgage. For aught that appears they were made without any reference whatever to the mortgage. There was no new or valuable consideration for an oral agreement thus made at a different time and on a separate occasion, "a few days" after the advances were made. An oral agreement entered into without consideration under such circumstances, and not made in pursuance of any understanding between the parties before the advances were made, is not a valid agreement, and cannot be enforced against the mortgagor himself in any proceeding at law or in equity.

It is accordingly the opinion of the court that the plaintiff is only entitled to

*Judgment as of mortgage for $450 with interest from October 3, 1905.*