HEALY and wife, Respondents, vs. FIDELITY SAVINGS BANK, Special Administrator, and another, Appellants.

*April 15—May 20, 1941.*

The cause was submitted for the appellants on the brief of *Vernon J. McHale,* attorney, and *David W. Goodnough* of counsel, both of Antigo, and for the respondents on that of *Arthur H. Strochan* of Antigo.

FRITZ, J.    It is undisputed that $1,500 and interest are owing to plaintiffs by the defendants, Clara Feichtner and the estate of Theresa Feichtner, as the balance owing on their note for $3,000, secured by a mortgage on real estate given by them to plaintiffs.    Plaintiffs claim that when the amount owing on the note had been reduced to $1,500, the makers thereof obtained an additional loan of $500 under an oral agreement between the parties that the mortgage was to stand as security for also the additional loan.    Appellants' principal contention is that the mortgage originally given to secure the $3,000 note cannot be effectively extended five years later by a mere oral agreement to secure the subsequent loan of $500.    On the other hand, plaintiffs contend that the mortgage to secure the debt which had been reduced to $1,500 can be so extended to secure the subsequent $500 loan, where there are no intervening equities.

In contending that the alleged oral agreement is invalid, appellants rely principally upon the provision in sec. 240.06, Stats., that,—

"No estate or interest in lands, other than leases for a term not exceeding one year . . . shall be created, granted, assigned, surrendered or declared unless by act or operation of law or by deed or conveyance in writing, subscribed by the party creating . . . the same. . . ."

In view of this provision, "No rights in and to real property, nor trust or powers over the same, can be granted by parol." (*Florsheim v. Reinberger,* 173 Wis. 150, 153, 179 N. W. 793) ; and, consequently, no additional mortgage lien or

incumbrance on real property can be created by a subsequent parol agreement to secure other indebtedness than that which was intended to be secured when the mortgage was executed. As is stated in 19 R. C. L. p. 306, § 82,—

"But a mortgage cannot, subsequent to its execution, be extended by parol agreement to secure debts or obligations other than those which it was executed to secure. Such an extension, if effective, would be equivalent to the execution of a new mortgage to secure the additional obligations. It, therefore, falls within the prohibition of the statute of frauds. . . . It is quite true that oral testimony is admissible to show what obligations were intended to be secured by a mortgage and will be received to establish that the mortgage was in fact given to secure obligations distinct from those expressed. But this doctrine permits parol testimony only to show the intention of the parties at the time the mortgage was executed and not to establish a subsequent agreement, in effect creating a new mortgage, to extend the mortgage to secure additional obligations."

To the same effect see 41 C. J. p. 468, § 371,—

"Where, however, a statute exists prohibiting the admission of proof of a verbal mortgage, it has been held that mortgages are so far *stricti juris* that they cannot be extended by any implication to secure another obligation than that expressly mentioned in the instrument;"—

27 C. J. p. 218, § 199; 41 C. J. p. 467, § 371; and also the annotation in 76 A. L. R. p. 579, where it is stated that by the weight of authority an oral agreement for the extension of the security of a mortgage or deed of trust to cover additional indebtedness is not enforceable for any purpose. These statements as to the rule in question are warranted by conclusions stated in *Bell v. Coffin,* 2 Kan. App. 337, 43 Pac. 861; *Hayhurst v. Morin,* 104 Me. 169, 71 Atl. 707; *Upton v. National Bank of South Reading,* 120 Mass. 153; *Hughes v. Johnson,* 38 Ark. 285; *Loe v. Brown,* 155 Ga. 24, 116 S. E.

309; *Fleming v. Georgia Bank,* 120 Ga. 1023, 48 S. E. 420; *Weller v. Summers,* 82 Minn. 307, 84 N. W. 1022.

On the other hand, plaintiffs' contention that the security afforded by a mortgage may be extended by a parol agreement to cover an additional loan where the rights of third persons are not prejudiced is based largely upon decisions in suits in equity, which were brought by a mortgagor to redeem, but in which the mortgagee was held entitled to show that he had made an additional loan to the mortgagor in consideration of an oral agreement between them that the mortgage should stand as security therefor also. As it would be inequitable under such circumstances to allow the mortgagor to redeem upon payment of but the amount originally secured by the mortgage, he was in court with unclean hands in seeking such relief. Therefore it was considered proper to deny such relief to the mortgagor unless, under the doctrine that he who seeks equity must do equity, the security afforded by the mortgage was held to cover also the additional loan. See *Carpenter v. Plagge,* 192 Ill. 82, 61 N. E. 530; *Upton v. National Bank of South Reading, supra; Stone v. Lane,* 10 Allen (Mass.), 74; *Joslyn v. Wyman,* 5 Allen (Mass.), 62; *Flye v. Berry,* 181 Mass. 442, 63 N. E. 1071; *Walker v. Walker,* 17 S. C. 329. Decisions in cases such as *Reiss v. Old Kent Bank,* 253 Mich. 557, 235 N. W. 252, 76 A. L. R. 571, upon which plaintiffs rely, are not in point unless there was involved therein the question as to the validity, in view of such provisions as sec. 240.06, Stats., of a mere oral subsequent agreement to have the mortgage secure also an additional loan.

This question does not seem to have been passed upon by this court in a case involving a mortgage on real estate, but in *Estate of Dunlap,* 184 Wis. 345, 351, 199 N. W. 387, the court said, in holding that a bill of sale did not constitute security for subsequent loans evidenced by notes which recited that they were secured by the bill of sale,—

"That as between the parties thereto such a conveyance, absolute on its face, may nevertheless be shown to be as security for future advances has been long and often recognized in this state. [Citations.] But in those cases as well as in other authorities discussing the subject it is clearly recognized that the agreement for security for future advances must be a present part of the instrument relied upon for such security. It cannot arise by some subsequent oral agreement. . . . The agreement of October 13, expressing as the consideration thereof the exact amount of the loan then made, and being silent on its face and under the evidence as to any then intent that it should be security for more than that amount, cannot, by the mere expression in the three notes of the following December, January, and February of subsequent intention to have them so included, be now held to have such retroactive effect."

It follows that the court erred in concluding that the additional loan of $500 is also secured by the mortgage. In this respect the judgment must be modified so as to provide that only the balance of $1,500 owing on the original note for $3,000 is secured by the mortgage, but that in connection with a provision in the judgment for the foreclosure of the mortgage as security for the said balance of $1,500, the judgment shall provide also for plaintiffs' recovery from Clara N. Feichtner and the estate of Theresa Feichtner of the sum of $500 and interest owing on the said additional loan.

*By the Court.*—Judgment reversed in part, and cause remanded with directions to modify the judgment as directed in the opinion.