## MEL BLIED v. GEORGE F. BARNARD.[1]

June 19, 1914.

Nos. 18,757—(245).

**Replevin — bond to perfect title.**

1. Where, on an exchange of merchandise owned by the plaintiff for land owned by the defendant, the latter gave a bond secured by a chattel mortgage upon the merchandise to perfect the title within 30 days, or, not doing so, to furnish a further bond to perfect the title within a year, and failed to perfect title or give such bond within 30 days, the issue in an action of replevin then brought to recover the merchandise included in the chattel mortgage was whether the defendant furnished the required bond, and not whether he perfected title afterwards; and whether he did so perfect title was immaterial.

**Question for jury.**

2. The bond tendered by the defendant was sufficient in form and substance; but whether it was one which, under his agreement with the defendant, should have been approved by the plaintiff as satisfactory, was for the jury.

**Charge to jury.**

3. There was error in instructing the jury, in substance, that certain evidence as to the value of the property replevied should be disregarded.

Action in the district court for Steele county. The case was tried before Childress, J., and a jury which answered in the negative the question whether plaintiff was justified in refusing to accept the bond of February 12, 1910, and a general verdict in favor of defendant for the return of the property or $2,260.51 in case it could not be returned. From an order denying his motion for judgment notwith-

[1] Reported in 147 N. W. 1095.

standing the verdict or for a new trial, plaintiff appealed.   Affirmed
on condition.

  *Larrabee & Davies* and *Paul J. Thompson,* for appellant.
  *J. A. & A. W. Sawyer,* for respondent.

DIBELL, C.

  Action of replevin by the plaintiff mortgagee in a chattel mortgage
to recover of the defendant mortgagor the property mortgaged.   The
sheriff seized a portion of the mortgaged property.   The defendant
did not rebond, and it was delivered to the plaintiff.   There was a
verdict in favor of the defendant for the possession of the property
or the sum of $2,260.51 in case it could not be returned.   The plain-
tiff appeals from an order denying his alternative motion for judg-
ment or a new trial.

  The case has been before this court twice and is reported in 116
Minn. 307, 133 N. W. 795, and 120 Minn. 399, 139 N. W. 714.

  On January 15, 1910, the plaintiff traded a stock of merchandise
to the defendant for a tract of land in Oregon.   The title to the land
was imperfect.   The defendant gave a bond conditioned to perfect
the title within 30 days from January 15, 1910, or, in the event of
not doing so, to give a further bond to secure the perfecting of the
title within a year.   The chattel mortgage was given upon the mer-
chandise to secure the performance of this bond.

  There are three questions on this appeal:

  (1) Whether there is a material issue in the case as to the title
of the Oregon land; and, if so, if title was perfected by the defend-
ant.

  (2) Whether the defendant furnished within 30 days from Jan-
uary 15, 1910, a bond such as was specified.

  (3) The value of the personal property seized by the sheriff at
the time of the seizure.

  1. The bond in question contains these provisions:

  "Now, therefore, if the said George F. Barnard shall perfect the
title to the above-described land within thirty days from date,
then this obligation shall be void, otherwise of full force and effect.
If [he] shall fail to perfect said title within said thirty days, then he

may furnish a good and sufficient bond conditioned to perfect said title within one year from this date, said bond to be subject to the approval of Mel Blied and satisfactory to him."

The bond then provided that the title should be "a good merchantable record title." It then concluded:

"If the said George F. Barnard perfects said title as agreed this bond shall be null, otherwise of full force and effect."

The chattel mortgage was to secure the sum of $5,000 "according to the conditions of one certain bond payable to Mel Blied, viz., upon conditions in said bond expressed within 30 days from date."

The defendant did not perfect the title within 30 days. He might still furnish, within said time, a bond to perfect the title within a year from the first bond, "said bond to be subject to the approval of Mel Blied and satisfactory to him." The defendant proffered to the plaintiff within the specified time a bond dated February 12, 1910. The plaintiff declined it as unsatisfactory and refused to approve it, and on February 25, 1910, brought this action of replevin.

At the trial there was a contest as to whether the defendant perfected title to the Oregon land within the year. The court instructed the jury that he did. The plaintiff contests the correctness of this instruction.

A slight analysis shows that the question of title was immaterial. The bond, so far as here important, was to secure the giving of an approved and satisfactory bond conditioned to perfect the title within one year from January 15, 1900. It was not to secure the perfecting of the title. If no second bond was given, the plaintiff had recourse on the first bond and the chattel mortgage securing it. If a second bond, such as he should have approved as satisfactory, was tendered, the conditions of the first bond were fulfilled, and the plaintiff had no recourse on the first bond or the chattel mortgage. The mortgage did not secure the second bond. The plaintiff had either a second bond, unsecured by a chattel mortgage, or the first bond, secured by the mortgage. In instituting the action of replevin the plaintiff was, in effect, proceeding as upon rescission of the contract of exchange because of a failure of the defendant to perform by fur-

126 M.—11.

nishing a bond; and the issue for trial was whether a bond such as was contemplated was furnished, and not whether title was perfected within the year.

All of this was discussed and held on the second appeal. See paragraphs 1 and 2 of the opinion.

2. On the second appeal it was held that the bond tendered on February 12, 1910, was a good and sufficient bond, as to the amount, form, and sufficiency of the surety. It was also held that, notwithstanding the bond was good and sufficient, as thus defined, conditions might be such that the plaintiff was not bound to approve it as satisfactory under his contract; and that the question was for the jury. The evidence is substantially the same upon this trial, and nothing need be added to what was said on the second appeal. The question was then discussed at length in paragraph 3 of the opinion.

3. The plaintiff, who was a sufficiently qualified witness, testified that the property seized by the sheriff was worth at the time $1,000. There was other evidence that it was worth $2,260.51, the original sale inventory price, and this was the amount of the verdict. As we construe the evidence it does not conclusively appear, by admission or otherwise, that the inventory value was the value at the time of the seizure. Plaintiff's testimony could not be entirely disregarded. The court, in effect, charged the jury that his testimony as to the value was not of value because of lack of foundation. The jury came in for further instructions and their trouble was over the value. From an inquiry of the foreman it seems likely that they had in mind that they must accept the appraised value. They were not enlightened, and we cannot say that the error was without prejudice.

Alleged errors not discussed do not require specific mention. The order is affirmed on condition that within 10 days after the filing of the remittitur in the court below the defendant consent that the verdict be reduced to $1,000, with interest added from February 25, 1910, to its date; and that in the event of his failing so to do the order stand reversed and a new trial be granted.

Affirmed on condition.