Thomson, J.,
delivered the opinion of the court.
This action was brought against W. F. Littell and Charles H. Pickett, as partners, to recover 1968.88, for goods sold and delivered to the defendants by the plaintiffs. Littell made default. Pickett answered denying generally the allegations of the complaint. There was evidence given sufficient to warrant the jury in finding that Pickett, by his conduct and representations, justified the plaintiffs in believing that he was a partner of Littell, and in selling the goods in question to the supposed firm. There was also evidence tending to show that the plaintiffs were not entitled to re *296 cover as against Pickett the entire amount charged, and that a portion of the goods were ordered by Littell upon his own individual account. Instructions were asked by both parties upon the questions involved, which were refused; and,'in lieu thereof, the court submitted to the jury the following questions of fact:
“ Question No. 1. Did Charles H. Pickett, during the time the goods in controversy were sold and delivered to William F. Littell, either by his own conduct or representations, or by the conduct and representations of others, which he authorized, hold himself out to Handy & McGee as a partner of William F. Littell in the latter’s Wellsville business?
“ Question No. 2. Did Handy & McGee sell the goods in question to W. F. Littell at Wellsville, in the belief that Charles H. Pickett was a copartner with Littell in the business there ?
“ Question No. 3. Did Handy & McGee have, as prudent, careful, and cautious business men, any good cause to believe, and did they in fact believe from the conduct of Charles H. Pickett himself, or from the conduct of others known to and approved by him, that he, Charles H. Pickett, was in fact a partner with W. F. Littell in his Wellsville business?
“ M. S. Bailey, District Judge.”
To each of the foregoing questions the jury answered “ Yes.” Pickett’s counsel objected to the receiving of the answers, but his objection was overruled, and judgment rendered by the court for the full amount of the plaintiffs’ claim, $963.83, and costs. There was no general verdict, and the judgment was based solely upon the special findings. Pickett appealed, and asks a reversal of the judgment on the ground that these proceedings of the court were irregular and erroneous.
The following is the 6th paragraph of section 187 of the code: “ Before the argument is begun, the court shall give such instructions upon the law to the jury as may be necessary, which instructions shall be in writing and signed by the judge.” *
*297 Section 199 of the code provides as follows: “ In an action for the recovery of money only, or specific property, the jury in their discretion may render a general or special verdict. In any case in which the jury render a general verdict, thejr may be required by the court, to find specially upon any particular questions of facts to be stated to them in writing, which questions of fact shall be submitted to the attorneys of the adverse party before the argument to the jury is commenced. The special verdict or finding shall be filed with the clerk and entered upon the minutes. Where a special finding of facts shall be inconsistent with the general verdict the former shall control the latter, and the court shall give judgment accordingly.”
The language of these provisions is not obscure, ambiguous, or involved, so as to require the exercise of any extraordinary skill in its construction. It is the duty of the court, before the argument is begun, to give the jury such instructions upon the law applicable to the facts as may be necessary for their guidance; and, in an action for the recovery of money only, which is this case, the jury may in their discretion return a general or a special verdict. The court has no authority to require either form of verdict. Whether it shall be the one or the other is for the jury alone to determine. But the court may require them to find specially upon particular questions of fact in case they render a general verdict. These questions must be stated to them in writing. If, in their discretion, they render a special verdict, and particular questions of fact have been submitted to them, the latter may be ignored. They cannot be required to find upon such questions except in case of the rendition of a general verdict. It is needless to inquire why the law thus provides, but the reason seems clear enough. A special verdict must contain findings of all the facts material to the issues, and would therefore include the particular questions submitted, so that answers to them would be unnecessary. A special verdict is one thing, and a special finding upon particular questions is another and entirely different thing. A special verdict covers *298 the whole case equally with a general verdict, but the special finding provided for may embrace only a portion of the facts necessary to a judgment, as was the case here, and therefore could not, in the nature of things, take the place of a verdict, general or special. To give the special finding any force or validity, or to authorize the court to make it the basis of any judicial action, it must be accompanied by a general verdict. The special finding may be inconsistent with the general verdict, in which case it will control, in so far as the facts specially found are concerned, but the general verdict must be there to compare it with.
This was an action at law, in which either party was entitled to have all the issues of fact passed upon by the jury in the manner provided by the code. The court refused to instruct the jury, submitted to them a portion of the facts, accepted their finding upon these, and found the rest itself, rendering judgment accordingly. Such a judgment cannot stand.

Reversed.