# NORTHERN DEPARTMENT—EASTERN DIVISION. NOVEMBER TERM, 1895.

ADELINE S. TAFT, *as Administratrix of the Estate of E. A. Taft, deceased,* v. DARIUS BAKER *et al.*

No. 12.

1. DEFECTIVE VERDICT—*Invalid Judgment.* When a verdict varies from the issues in a substantial matter, or finds only a part of that which is in issue, it is defective, and no valid judgment can be rendered upon it.

2. TRIAL BY JURY—*General Verdict to be Rendered.* In any case in which a trial by jury is a matter of right, a general verdict must be rendered; and while it is the right and duty of the court to submit special questions upon request of the parties, it cannot, by so doing, dispense with a general verdict.

MEMORANDUM.—Error from Shawnee district court; JOHN GUTHRIE, judge. Action in replevin brought by Adeline S. Taft, as administratrix of the estate of E. A. Taft, deceased, against Darius Baker and Israel Lloyd. Judgment for defendants. Plaintiff brings the case here. Reversed. The material facts are stated in the opinion herein, filed November 11, 1895.

*E. F. Hilton,* for plaintiff in error.

*Vance & Campbell,* for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J. : This was an action in replevin for 10 head of stock. The plaintiff, as administratrix of the estate of E. A. Taft, alleged special ownership (by virtue of a certain chattel mortgage given to her estate by defendant Darius Baker, to secure the payment of $360) and right of possession in herself.

The answer of defendant Baker, after a general denial, alleges:  (1)  Usury in note to the amount of $90 ; (2) payment of the sum of $200, and prays judgment for the sum of $500, his damages.   The answer of Israel Lloyd was a general denial.   Plaintiff replied to the answer of defendant Baker by a general denial.

The testimony is not preserved in the record, but in lieu thereof is "an orderly and concise statement of facts admitted, or uncontradictedly established by the record," from which it appears that Baker, in addition to his special defense set out in the answer, claimed upon the trial that there was certain other property mentioned in the mortgage—to wit: 1 mowing-machine, of the value of $35 ; 2 cultivators, of the value of $20 ; and 2 stirring plows, of the value of $12—that the plaintiff, before or at the time of the commencement of this action, had taken possession of, and had not accounted for.   The defense of defendant Lloyd was an agister's lien (under contract with defendant Baker) for the care and keep of the stock for the sum of $232.   The case was tried before the court and a jury ; special findings, but no general verdict returned by the jury.   Judgment was rendered against the plaintiff and in favor of both defendants.   Plaintiff brings the case here for review.

There are numerous errors assigned, or, as the plaintiff in error pertinently puts it, "a record of error without end, so large that none larger are made" ; but we will only notice the important one, which requires a reversal of the judgment.   The court erred in rendering judgment of any kind in this action.   The record in the case discloses that no general verdict was rendered by the jury, nor was it waived, but, on the contrary, the court's attention was specially called to it upon objection to its render-

ing judgment upon the special findings; nor was the real issue in this case — the unlawful detention — ever submitted to the jury, either in the general instructions of the court or the special questions submitted to them by the court of its own motion. The special questions submitted are in substance as follows :

"1. Was there a contract entered into between Baker and Lloyd for the pasture, feed and care of the stock?

"2. Did Baker deliver the stock to Lloyd in pursuance of this contract?

"3. What is a reasonable compensation for pasturing, feeding and caring for the stock?

"4. What was the value of the stock when taken from Lloyd by the sheriff?

"5. What was the value of the mowing-machine, two cultivators and two stirring plows when taken from Baker?

"6. What consideration did Taft give or pay Baker for the note for $360?

"7. Do you find that Taft took and reserved from Baker more than 12 per cent. interest per annum? If yes, how much?

"8. Did Baker make a payment, or payments, to Taft on this note? If yes, how much?

"9. How much, if anything, do you find due on this note?"

The most that can be said of the verdict is that it is responsive to only a part of the issues in the case, and is therefore defective ; and the rule is that when a verdict varies from the issues in a substantial manner, or finds only a part of that which is in issue, no valid judgment can be rendered thereon. (*Patterson v. United States*, 2 Wheat. 221 ; *Mattson v. Hanisch*, 5 Bradw. 102 ; *Ridenour v. Beekman*, 68 Ind. 236 ; *Appleton v. Barrett*, 22 Wis. 568 ; *Child v. Child*, 13 id. 17.) But, aside from the general rule, we need not go further than to examine the statutes and decisions of our own state to be

convinced that the judgment in this case is erroneous. Section 266, code of civil procedure, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or *personal property*, shall be tried by a jury, unless a jury trial is waived, or a reference ordered, as hereinafter provided."

Section 286 of the code reads:

"In all cases the jury shall render a general verdict, and the court shall in any case, at the request of the parties thereto or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact," etc.

In the trial of this case, as we have said, neither a jury nor a general verdict was waived; yet no general verdict was submitted by the court to or returned by the jury. The jury only found upon particular questions of fact, submitted by the court upon its own motion, evidently upon the theory that, by special findings, the general verdict was dispensed with. But we think the language of the code is too imperative to admit of this, and too unmistakable in its meaning to warrant such a construction. The litigant is entitled to the identical benefit the law confers. When it grants him the right to trial by jury, the court has no power to deprive him of it; and when this court did deprive plaintiff of the verdict, it substantially deprived her of that right to a trial by jury which the statute expressly gave.

In *Henrie v. Buck*, 39 Kan. 382, Mr. Justice JOHNS-TON, in passing upon almost the identical question here presented, says:

"Another matter only needs attention, and that is the refusal of the court to permit a return of a general verdict by the jury. We see no reason to except this case from the statutory rule, which provides that, in

any case which may be and is tried by a jury, a general verdict shall be rendered. (Civil Code, §§ 267, 268.)''

It was the right and duty of the court to submit special questions upon request of the parties, but it could not properly dispense with the general verdict.

The judgment of the district court will be reversed, and the cause remanded.

All the Judges concurring.