WARD *v.* CAMPAU.

1. TRIAL—SPECIAL QUESTIONS—JURY—NEGLIGENCE—STATUTES.
    In an action of case for negligently starting an elevator while decedent was entering, a special question is not a sufficient compliance with 3 Comp. Laws, § 10237, where it involves three separate inquiries either of which may be answered negatively without inconsistency from the general verdict for plaintiff.

2. SAME.
    Complicated questions or those presenting mere questions of evidence, answers to which would not control the verdict, should not be presented to the jury.

Error to Wayne; Cooper, J., presiding. Submitted February 14, 1910. (Docket No. 148.) Decided April 1, 1910.

Case by Herbert E. Ward, administrator of the estate of Eber Ward, deceased, against Daniel J. Campau for personal injuries to plaintiff's intestate. A judgment for plaintiff is reviewed by defendant on writ of error. Affirmed.

*Luman W. Goodenough* (*Thomas A. E. Weadock*, of counsel), for appellant.

*Henry G. Nicol* (*A. B. Hall*, of counsel), for appellee.

BROOKE, J.   On February 8, 1908, plaintiff's decedent was injured in the hallway of the Campau building, owned by defendant, when he was about to take passage upon the elevator.   He testified that he was 84 years old, and that as he was entering, and before he was entirely in the car, having one foot and his cane, upon which he was leaning, on the floor of the car, the elevator conductor started the car, while he (the elevator conductor) was facing plaintiff's decedent, thus throwing him backwards upon the stone floor of the entry way.   Plaintiff's decedent died upon April 23, 1908.   The declaration alleges negligent operation of the elevator by an incompetent servant of defendant.   The testimony of plaintiff's decedent was the only evidence upon the question of negligence, offered on behalf of plaintiff.   Upon cross-examination, he testified, in part, as follows:

" *Q*. Is it not a fact you slipped and fell ?
" *A*. I did not slip until he caught me, you know, until he raised me before I got in, I fell.
" *Q*. Tell us just how he did that.
" *A*. I stepped in one foot, and he started the elevator before I got the other in.
" *Q*. And he was looking right at you ?
" *A*. Yes, sir; I think so.
" *Q*. Well, he was facing you ?
" *A*. Yes, sir."

The following special question was submitted by counsel for defendant:

"Did Robert Jacobs, the elevator conductor, start the elevator at the time of the injury and when Captain Ward had one foot and his cane, on which he was leaning, on the elevator floor; Jacobs at that moment, looking directly at Captain Ward ?"

This question was answered in the negative by the jury, but a general verdict was rendered in favor of

plaintiff for $2,000. Defendant moved the court to enter judgment in his favor upon the special verdict, notwithstanding the general verdict for plaintiff. This motion was denied, and defendant brings the record here for review upon writ of error.

The sole assignment of error is that the general verdict of the jury is inconsistent with, and not supported by, the special finding of facts, and therefore that the trial court erred in denying the motion. Section 10237, 3 Comp. Laws, provides:

"Such special questions shall not exceed five in number, and shall be each in single, short sentences, readily answered by yes, or no."

We are of opinion that the special question, here under consideration, does not comply with the legislative requirement. It is not a single short sentence, readily answered by "Yes" or "No." It contains at least three propositions.

Did the elevator conductor start the elevator: (1) When Captain Ward had one foot on the elevator floor? (2) When Captain Ward had his cane, on which he was leaning, on the elevator floor? (3) When the conductor was looking directly at Captain Ward? If the first of these questions is answered in the affirmative, and the second and third in the negative, the general verdict would still be amply supported. If plaintiff's deceased, at the moment the elevator was started, was in the act of entering the elevator—had one foot upon its floor—and was injured by reason of such negligent starting, it makes but little difference, in our opinion, whether or not he, at the same moment, had his cane on the floor of the elevator, or whether or not the conductor was at that moment looking at him. In other words, answers to the last two questions are not controlling of the verdict.

While it is true that the plaintiff's deceased testified that, at the moment the elevator was started, he had his cane as well as one foot upon its floor, he did not testify

positively that the elevator conductor was, at that time, looking at him. This lack of certainty in the evidence upon this point may account for the answer of the jury to the special question. They may have declined to find that the conductor would start the elevator while looking directly at Captain Ward, at the same time believing that he did so start it at a time when Captain Ward had only one foot on its floor, and this is indicated by their general verdict. Complicated questions, such as the one under consideration, should never be presented to the jury. Nor should those presenting mere questions of evidence, answers to which would not be controlling of the verdict, be submitted. In two of its three elements, the question here considered was of such a character. *Cousins* v. *Railway Co.*, 96 Mich. 386 (56 N. W. 14). See, also, *Peer* v. *Ryan*, 54 Mich. 224 (19 N. W. 961); *Germaine* v. *City of Muskegon*, 105 Mich. 213 (63 N. W. 78); *Burke* v. *Electric Co.*, 147 Mich. 172 (110 N. W. 524).

The judgment is affirmed.

Hooker, Moore, McAlvay, and Stone, JJ., concurred.