· LATTING, Adm'x, v. SIDDONS.

No. 26836.   March 16, 1937.

Rehearing Denied April 13, 1937.

Hatcher & Bond, for plaintiff in error.

Bailey & Hammerley, for defendant in error.

PHELPS, J.   In 1927 B. P. Siddons and W. P. Latting engaged in the business of acquiring, shipping, and reselling, for a profit, cotton burr ash,—it being understood in the beginning that Siddons should furnish the initial capital and Latting should devote his time and attention to the business. There was limited sale for this product and practically all of their shipments were made to a firm in Hartford, Conn. The price received by them for this product depended somewhat upon the pot ash content of the product and it was the custom to acquire the product and ship it to this firm with sight draft attached to bill of lading. The sight draft would be paid and remittance made to them, and after the merchandise was received and analyzed adjustment would be made upon the basis of the pot ash content and the balance due paid to the shipper or rebate made by the shipper as the case might be. The profits from the shipment

would then be equally divided between Siddons and Latting.

The business was all conducted in the name of B. P. Siddons and the bank account carried in the name of B. P. Siddons, special. It appears that the business was profitable until November 17, 1930, when Mr. Latting died. At the time of his death they had contract for a quantity of ash, only a part of which had been shipped. Siddons completed the shipment and received the payment therefor and paid to Mrs. Latting, widow of deceased, who had in the meantime been appointed administratrix of the estate of W. P. Latting, Mr. Latting's half of the profits from this contract and filed in the county court of Grady county his statement showing payment of the balance due to the estate of W. P. Latting.

On September 29, 1933, Mrs. Latting, as administratrix, filed suit in the district court of Grady county against Mr. Siddons, alleging that a partnership existed between Siddons and Latting at the time of Latting's death, that Siddons continued the business of the partnership, had made large profits therefrom, that the good will of the business was a valuable asset of the partnership, prayed that said good will be ordered sold as an asset of the partnership, that an accounting be had and that she, as administratrix, have judgment for the amount found to be due her from such partnership business. Mr. Siddons filed his answer, denying the existence of a partnership and alleging that their business was purely a brokerage business, that they had no place of business and no assets, that the business was conducted in the name of Siddons alone, that the profits were shared equally between them on each transaction, and that he had paid to Mrs. Latting everything that was due Mr. Latting at the time of his death.

When the case was called for trial, a jury was impaneled and a number of interrogatories were submitted to the jury. It appears that the answers to the interrogatories resulted in confusion, and both sides filed motion for judgment upon the interrogatories. The court entered its findings to the effect that the defendant had fully accounted and paid to plaintiff all that was due Mr. Latting up to the time of his death and that the plaintiff was not entitled to participate in the profits of the business after the death of Mr. Latting, and entered judgment generally in favor of defendant, and plaintiff prosecutes this appeal.

It is first contended by plaintiff in error that the court committed error in failing to submit the issue of partnership between Latting and Siddons to the jury for a general verdict. Reference to plaintiff's petition discloses that the relief for which she prayed was that the court require defendant to produce the books of the partnership and account to plaintiff for the profits made by the partnership to date, and that plaintiff be given judgment for half of said profits. She further prayed that the court order the good will of the business sold and the proceeds divided or, in the alternative, that the plaintiff have judgment against the defendant in the sum of $10,000, or "such amount as to the court may seem proper."

It will thus be seen that the trial court was met with no small difficulty in attempting to submit to the jury, for a general verdict, the questions that would result in the relief prayed for. The only question that could have been determined as a matter of fact by a general verdict was whether a partnership existed, and this issue would necessarily have been, at least inferentially, an interrogatory, and too, under the peculiar facts in this case, doubtless, the trial court took the view that the rights given a litigant in having a general verdict returned under section 21 of art. 7 of the Oklahoma Constitution and section 370, O. S. 1931, apply to cases where the litigant is entitled, as a matter of right, to a trial by jury to determine questions of fact. We had this question before us in First Nat. Bank of Oktaha v. Jones, 111 Okla. 116, 238 P. 488, and we there held that if the question submitted by the court can be construed to mean the submission of the general question of who should recover in the case, as would be the effect of a general verdict submitted to the jury, the judgment based upon the answers to the interrogatories should not be reversed. We adhere to that ruling and also approve the language in that opinion disapproving this method of submitting cases to juries.

As we view it, the interrogatories submitted and the answers thereto, while not free from confusion, assisted the court in rendering as fair a judgment as would have been accomplished by a general verdict.

It is the further contention of plaintiff in error that the relationship existing between Siddons and Latting was not only a partnership, but that after Latting's death there was what they term "the continuing partnership between Nannie L. Latting, as administratrix of the estate of Wm. P. Latting, deceased, for herself and minor son,

on the part of Wm. P. Latting, her deceased husband and B. P. Siddons, surviving partner."

They contend that the court erred in refusing to submit the question of a so-called continuing partnership to the jury for its determination, while it is the contention of defendant in error that it was immaterial to the proper determination of the issues whether the relationship was one of partnership, one of employment (and therefore whether the relation of master and servant existed), or one of principal and agent; that the same rules of law were applicable in determining the issues between the parties. Section 11652, O. S. 1931, specifically provides that a general partnership is dissolved, as to all parties, by the death of a partner, but it is the contention of plaintiff in error that, notwithstanding this provision of the statute, after the death of Mr. Latting Mr. Siddons continued the operation of the business, using the partnership assets for that purpose, and therefore she was entitled, as administratrix, to the same share in the profits as Mr. Latting would have been entitled to had he lived.

In reply to this contention defendant in error calls our attention to the findings of the court, wherein the court found:

"* * * That the said business operated by B. P. Siddons, or B. P. Siddons and W. P. Latting, as the case may be, owned no tangible assets of any kind; that the business so conducted was one of buying cotton boll ash and selling the same to brokers; that there was no established place of business. The court finds under the **uncontradicted** evidence that the right of W. P. Latting to share and participate in the earnings of such business was based upon his obligation to furnish his personal services thereto, and that after his death the further performance of the contract on the part of W. P. Latting was impossible; and the court concludes as a matter of law that plaintiff herein, as the personal representative of W. P. Latting, is not entitled to an accounting for any profits of said business subsequent to the death of W. P. Latting."

Doubt'ess the finding of the court was based upon the jury's answer to interrogatory No. 5, which reads:

"Was it the agreement, and was it the intention of W. P. Latting and B. P. Siddons, that Siddons should furnish the money for the business, make all contracts of sale, keep the books and manage the business generally, and Latting do the purchasing and shipping and receive one-half of the profits? Answer. Yes."

Under the evidence and the findings of the jury, we agree with the contention that it makes no difference in adjudicating the rights of these parties whether there existed between them the relationship of partners, master and servant, agency, or employer and employee. It was obligatory upon Latting's part to do certain things, and when the hand of death interposed and prevented him from performing his duties under the agreement or contract, whatever relationship existed between them, he nor his personal representatives were any longer entitled to share in the profits. Kimmell v. Powers, 19 Okla. 339, 91 P. 687. The Supreme Court of Alabama had this question before it in Herren v. Harris, Cortner & Co., 78 South. 921. In that case one Mr. Winn acquired an interest in the business of some cotton merchants who were engaged in buying and selling cotton for a profit. Winn agreed to work for a monthly salary and to receive a part of the profits. He died and the assignee of his personal representative sued for an accounting and recovery of the profits of the business, as plaintiff did in the instant case, and in denying plaintiff relief the court said:

"The contract on its face shows that it could not be performed after the death of Winn. By its very terms it required his personal service and supervision. The firm could not bind him or his estate after his death, nor could his personal representative hold the firm to the contract after it was impossible for Winn to perform his part of it."

Finding no prejudicial error, the judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.