# EDWARDS v. RUTLAND SAVINGS BANK et al.

No. 27585.   Jan. 11, 1938.

Rehearing Denied Feb. 8, 1938.

C. C. Hatchett and O. J. Roberts, for plaintiff in error.

Utterback, Stinson & Utterback, for defendant in error Bank.

Paul N. Buford, for defendants in error Kerrs.

CORN, J. There is but one issue of fact involved in this case, viz.: Did the grantee assume and agree to pay the mortgage indebtedness against the land conveyed to him by deed from grantors, and was the amount thereof deducted from the purchase price of the land?

The controversy arose in an action in the district court of Bryan county by Rutland Savings Bank against Nona M. Kerr and George D. Kerr, and R. J Edwards, to foreclose a real estate mortgage given by the Kerrs on 160 acres of land in Bryan county, which said land was later conveyed by the Kerrs to Edwards. The deed stated a consideration of $8,700 and warranted the title to the land, except as to the mortgage to said bank in the sum of $5,000 and interest, and a second mortgage in the sum of $1,250, but the deed contained no provision with reference to the payment of these encumbrances, nor as to whether the amount thereof was deducted from the purchase price. The Kerrs filed an answer and cross-petition alleging that Edwards orally agreed to pay the mortgages, and that he did pay the second mortgage and all the interest coupons on the first mortgage except the last one, which fell due at the maturity of said first mortgage, and seeking to charge Edwards with primary liability on said first mortgage indebtedness. Edwards denied the oral agreement to assume the mortgages, and alleged that his payment of the second mortgage and of the various interest payments on the first mortgage was voluntary and not pursuant to contract, and that the purchase price stated in the deed was the agreed purchase price only for the Kerrs' equity in the land. The foregoing issue of fact was tried to a jury, and the court, after giving general instructions to the jury, submitted to it two interrogatories to be answered either "yes" or "no." the same being as follows:

1. "Do you find from a fair preponderance of the evidence that the defendant, R. J. Edwards, assumed and agreed to pay the mortgage involved in this action when he traded for the land herein involved, or at any other time?"

2. "Do you find from a fair preponderance of the evidence that the defendant, R. J. Edwards, deducted the amount of the mortgage involved in this case from the total purchase price agreed upon in the trade for this land?"

Both of these interrogatories were answered by the jury in the affirmative, and the trial court adopted the same as its findings of fact, and rendered judgment accordingly, making Edwards primarily liable for the payment of the mortgage indebtedness. From this judgment of the court, the defendant Edwards appealed.

The plaintiff in error first contends that in the foreclosure of a mortgage, where personal money judgment is sought against a grantee of the mortgaged land upon an alleged oral contract of assumption of the mortgage and deduction of the mortgage debt from the purchase price of the land, the question presented is one of fact to be determined by the jury under proper instructions from the court upon a general verdict, and in support of this proposition cites section 350, O. S 1931, which provides:

"* * * Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

The plaintiff in error also cited a number of Oklahoma cases based upon said statute holding that in an action to recover judgment on promissory notes and for foreclosure of mortgage lien securing their payment, where issue is joined as to the indebtedness due, the case is one properly triable to a jury. Holmes v. Halstid, 76 Okla. 31, 183 P. 969; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866; Thomas v. Westheimer & Daube, 87 Okla. 130, 209 P. 327, and other cases of similar import. The fact that the only issue of fact involved in the case was tried to a jury eliminates from consideration the question as to whether the case was properly triable to a jury, the only question remaining for consideration being whether the court erred in submitting the question by special interrogatories rather than upon a general form of verdict. In the case of First National Bank of Oktaha v Jones, 111 Okla. 116, 238 P. 488, this court held the submission of issues by interrogatory instead of general form of verdict harmless error where the interrogatory submitted amounted to submitting the general issue, the second paragraph of the syllabus being as follows:

"The Constitution (sec. 21, art. 7), and the statute (sec. 552, Comp. Stats. 1921), require that in all jury trials a general verdict shall be returned by the jury; but where, in the trial of a jury case, the trial court submits to the jury an interrogatory which amounts to submitting the general issue of which party is entitled to recover, instead of submitting general forms of verdict for the jury's use, the fact that such interrogatory was submitted instead of general forms of verdict will not, alone, necessarily work a reversal of a judgment based

upon the answers given by the jury to the interrogatory."

The answers to the foregoing interrogatories were equivalent to a general verdict against the plaintiff in error and in favor of the defendants in error. The findings of fact so made by the jury were as decisive of the issues as a general form of verdict could have been.

The next contention of the plaintiff in error is submitted upon the proposition: Where parties make a written contract for the exchange of property, and the written contract is fully executed according to its express terms, parol evidence is not admissible to enlarge said contract to include agreements not contained in the writing.

The parties first executed a memorandum of agreement wherein they "tentatively agreed" upon a trade or exchange of properties, the said parties to submit abstracts of title for examination by a certain date, and if the titles were satisfactory to consummate the trade within five days thereafter. The memorandum did not state any amount which was to be considered the value or purchase price of any of the property to be traded or exchanged. It did state, however, that the Edwards property in New Mexico was free and clear of encumbrance, and that the 160-acre farm of the Kerrs in Bryan county was encumbered by a first mortgage of $5,000, bearing interest at 7 per cent., and a second mortgage aggregating $1,500, otherwise free and clear of encumbrance. The deed from the Kerrs to Edwards recited a consideration of $8,700, subject to the aforesaid mortgages. Considering the memorandum and the deed together in arriving at the intent of the parties, there is no ambiguity or uncertainty as to the consideration or purchase price agreed upon for the land described in the deed, but nowhere in either of these instruments do we find anything to indicate what the agreement was with reference to the assumption or payment of the mortgage indebtedness against the land. The parties must have had an understanding in regard to this important part of the transaction, and where the written contract between the parties fails to state what the understanding was, parol evidence is admissible to establish it.

In 22 C. J. 1144, an exception to the parol evidence rule is stated as follows:

"The parol evidence rule does not preclude the reception of parol evidence with reference to a matter evidenced by the writing, where such evidence relates to a matter in pais, or is of such a character that it does not tend to vary or contradict the written instrument. * * *"

Also, see First State Bank v. Menasco, 55 Okla. 748, 155 P. 261; Cohee v. Turner & Wiggins, 27 Okla. 778, 132 P. 1082; Atchison, T. & S. F. Ry. Co. v McCluskey, 30 Okla. 711, 120 P. 985; Threlkeld v. Steward, 24 Okla. 403, 103 P. 630.

The admission of Edwards that he voluntarily paid the second mortgage and several interest payments on the first mortgage is contradictory to his denial of liability. The evidence in the record reasonably supports the finding and verdict of the jury and the judgment of the court based thereon, and the same will not be disturbed.

Judgment affirmed.

The supersedeas bond appearing in the record, and request having been made for judgment thereon, judgment is hereby rendered against the appellant and his surety upon said bond.

PHELPS, GIBSON, HURST, and DAVISON, JJ, concur.