262 P.2d 278

**COOPER v. EVANS et al.**

No. 7937.

Supreme Court of Utah.

Oct. 21, 1953.

Frank Moss, County Atty., Gordon I. Hyde, Salt Lake City, for appellant.

Hurd & Hurd, Salt Lake City, for respondents.

CROCKETT, Justice.

Plaintiff suffered injuries from stumbling over a portion of a merchandise platform which jutted out into a walkway in the defendants' place of business. She charged negligence (1) in placing such obstruction in the area where she was required to walk, and (2) in causing, or allowing, the floor there to be slippery. Defendants denied negligence and pleaded contributory negligence of the plaintiff.

The procedure followed by the trial judge is a good example of the use of pre-trial and its values. The facts as to plaintiff's visit, her status as a business invitee, her fall and defendants' responsibility for placing the platform were all settled. The matters upon which there was irreconcilable conflict were set down by the court in his pre-trial order, substantially as follows:

1. Did the defendants fail to use ordinary reasonable care for the safety of their patrons in,

a—arranging their merchandise platforms in such a position as to impede the walkway in the store, or

b—placing wax or other slippery substance on their floor at the place in question, or

c—allowing any such substance, to remain on said floor after they knew, or in the exercise of reasonable care should have known, it was there.

2. Did the plaintiff fail to use ordinary reasonable care for her own safety which proximately contributed to cause her to fall?

3. Were plaintiff's injuries the result of an unavoidable accident?

4. If plaintiff is allowed to recover, what amount of damages proximately resulted from said injuries?

The order also recited that all pleadings filed in the case were merged in the pretrial order and that the foregoing were the only issues of fact to be determined.

Upon trial, instead of submitting a general verdict, the trial court instructed the jury that it would only be required to find answers to certain questions of fact to which the court would then apply the law. There is no question but that it is within the discretion of the trial court to follow such procedure if he so desires.[1] According to the answers given, the jury found the defendant guilty of negligence, but also found the plaintiff was contributorily negligent, upon the basis of which the trial court entered a judgment for the defendants.

The gravamen of this appeal is the plaintiff's assertion that interrogatory No. 2, relating to plaintiff's contributory negligence, was confusing and did not present in an understandable manner the proper issue of fact to the jury.

It is suggested that there is substance to the foregoing contention because when the trial court advised the jury of the judgment required by their findings, several members of the jury voiced disapproval, claiming they had misunderstood; and that the result was not as they desired. Upon the motion for a new trial, proof of such misunderstanding was proffered in affidavit form. These latter matters, including the proof by affidavit, were properly disregarded. Jurors may not thus impeach their own verdict because of disappointment or even confusion.[2] But we are left with the inquiry as to whether the interrogatory in question presented the question of fact to the jury in a clear and intelligible manner, which is what the plaintiff was entitled to have done.

Before considering the interrogatory itself, it is necessary to answer defendants' contention that the plaintiff, having failed to make objection or take exception to it before it was submitted to the jury, waived any right to do so thereafter. They cite Rule 51 of the U.R.C.P., which states that "Opportunity shall be given to make objections" to instructions and that no party may assign error with respect thereto unless he has taken such objection. The rule does not expressly refer to special interrogatories, but generally speaking, the same principle is undoubtedly sound as applied to them also. In the instant case,

---

1. Rule 49, Utah Rules of Civil Procedure.

2. Wheat v. Denver & R. G. W. R. Co., Utah, 250 P.2d 932.

however, plaintiff's counsel insist that they had no opportunity to object to such interrogatories because they were prepared by the court in the absence of counsel and they were afforded no chance to object to them until they were read to and submitted to the jury. The record does not indicate to the contrary. It should be noted that said Rule 51 also provides:

"* * * Notwithstanding the foregoing requirement, [as to objections] the appellate court, in its discretion and in the interests of justice, may review the giving or failure to give an instruction."

Plaintiff also finds succor in Rule 46, U.R.C.P. which states:

"* * * if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him."

We believe that under the circumstances here shown, it cannot fairly be said that there is any affirmative showing that plaintiff waived her right to object to the interrogatory, and we therefore think the matter should be reviewed.

The interrogatory with which we are concerned was as follows: "Do you find by a preponderance of the evidence in this case that Mrs. Cooper *was guilty of contributory negligence* which proximately caused her injuries *in failing to observe and see* the merchandise platform over which she

claims to have tripped?" (Emphasis added.)

Plaintiff argues that the use of the words "observe and see" in the conjunctive indicates an intention that they have different meanings; that "observe" must mean "make observation for" while "see" means the act of seeing. Thus, maintains plaintiff, the court told the jury that she failed both to "see" and to "make observation for" any obstructions, which assumes the only primary facts upon which her negligence could be based, and leaves to the jury the determination of what she asserts is a conclusion of law: whether such conduct amounted to contributory negligence.

It is to be noted that although the word "observe" as used in the interrogatory could be given a meaning equivalent to "make observation for," the more usual understanding is to regard the words "observe" and "see" as synonymous. Under such meaning, in telling the jury that Mrs. Cooper failed to "observe and see," the court was only stating to them an uncontroverted fact, for Mrs. Cooper concedes that she did not *see* the obstruction. The court was aware that under the circumstances disclosed by the evidence, the conduct of Mrs. Cooper in failing to see the platform might, or might not, meet the standard of care required of her,[3] and that the application of such standard is peculiarly within the province of the jury.

3. See Baker v. Decker, 212 P.2d 679.

72

Plaintiff is in error in her contention that the question of the existence of contributory negligence, under the situation which we here consider, is one of law. Contributory negligence would only be a question of law where the evidence showed, with such certainty that reasonable minds could not differ thereon, that the conduct in question either met or failed to meet the standard of due care. But where there is uncertainty as to whether such standard has been met so that reasonable minds could differ upon it, the question of whether such negligence exists is not a matter of law, but is one for the jury to determine.

In the instructions the court correctly defined negligence and contributory negligence and therein set out the standard of care required of Mrs. Cooper: that which an ordinary, reasonable, and prudent person would use under the circumstances. The interrogatory was to be understood in the light of such instructions. Its effect therefore was to ask them whether she failed to meet that standard. Their affirmative answer precludes her recovery. Neither the fact that the jurors may have been disappointed with the result, nor that they may not have understood the full legal consequences of their findings, affect their validity. Under the procedure followed by the trial judge their function was but to make the finding of fact.

Judgment affirmed. Costs to respondent.

WOLFE, C. J., and McDONOUGH, HENRIOD and WADE, JJ., concur.