338 P.2d 110

Abel SAAVEDRA, Claimant-Appellant,

v.

CITY OF ALBUQUERQUE, a municipal
corporation, Employer and Insurer,
Defendant-Appellee.

No. 6489.

Supreme Court of New Mexico.

April 14, 1959.

Korenzo A. Chavez, Arturo G. Ortega, Melvin L. Robins, Albuquerque, for appellant.

Frank Horan, Malcolm W. deVesty, Paul F. Henderson, Jr., Albuquerque, for appellee.

McGHEE, Justice.

This is a case arising under the Workmen's Compensation Act, 1953 Comp. § 59–10–1 et seq., where the claimant, a former policeman of the City of Albuquerque, sought compensation for disability claimed to have resulted from an injury sustained while he was taking a prisoner to the city jail.

The claimant objected to the submission of the case to the jury on special interrogatories and he likewise objected and excepted to the refusal of the court to submit a general verdict on total and permanent disability and another on partial disability, asserting that he was entitled under the New Mexico constitution, its statutes and our District Court Rule 49 to have a general verdict returned on the extent, if any, of his disability.

The special interrogatories submitted read:

"No. 1: Did the Claimant sustain an injury in an accident arising out of and in the scope of his employment?

"Answer: Yes ——— No ———

"No. 2: If your answer to No. 1 is in the affirmative, then proceed to answer the following: Did such injury result in disability as defined to you by the instructions of the Court?

"Answer: Yes ——— No ———

"No. 3: If your answer to No. 2 is in the affirmative, then state the percent of such disability.

"Answer: ——— per cent.

"No. 4: Has such disability continued to the present?

"Answer: Yes ——— No ———

"No 5: If your answer to No. 4 is in the negative then answer the following: For what period of time, in weeks, did such disability continue?

"Answer: ——— weeks."

The jury answered the first interrogatory in the affirmative and the second in the negative, thus making further answers unnecessary.

Our Workmen's Compensation Act gives the right of trial by jury to either party but makes no provision for special interrogatories. It has, however, become the almost universal practice to submit these cases on interrogatories, and in some judicial districts without a general verdict. This practice has met with favor from the bench and bar, and so far as we are aware was not challenged until the case of Bryant v. H. B.

Lynn Drilling Corporation, 65 N.M. 177, 334 P.2d 707, where present counsel for the claimant here challenged the right of the court to submit special interrogatories along with a general verdict. We held Rule 49 permitted such action in a compensation case.

Rule 49 reads:

"In civil cases, the court shall, at the request of either party, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party requesting the same. When the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." § 21–1–1(49), N.M.S.A.1953.

█ Our Rule 49 differs materially from the same numbered federal rule, 28 U.S. C.A., in that by section (a) of the latter provision is made for the submission of special verdicts or interrogatories only, while in section (b) provision is made for submission on a general verdict accompanied by special interrogatories if the trial court deems such action proper, while our rule makes provision for special interrogatories only when accompanied by a general verdict. There can be no question but that a general verdict can be waived expressly or by failing to object to the submission of the case on special interrogatories only, and binding findings of fact made by the jury on which judgment may be rendered, but we do not have such a situation here.

The question now under consideration has arisen in a number of states under statutes or rules similar to our rule 49 which is really a continuation of our old statute law.

In the following cases it has been held to be reversible error to submit a case to a jury over objection on special interrogatories not accompanied by a general verdict where a jury trial was a matter of right. Blied v. Barnard, 1911, 116 Minn. 307, 133 N.W. 795; Central Loan and Inv. Co. v. Loiseau, 1931, 59 S.D. 255, 239 N.W. 487; Evans v. Heaton, 1926, 49 S.D. 587, 207 N.W. 659; Harris v. Harris, 1944, 62 Nev. 473, 153 P.2d 904, 159 P.2d 575; and Taft v. Baker, 1895, 2 Kan.App. 600, 42 P. 502.

See, also, Pickett v. Handy, 1894, 5 Colo. App. 295, 38 P. 606, 607, where it is said:

"To give the special finding any force or validity, or to authorize the court to make it the basis of any judicial action, it must be accompanied by a general verdict. The special finding may be inconsistent with the general verdict, in which case it will control, in so far as the facts specially found

are concerned; but the general verdict must be there to compare it with."

On the other side of the question we find that although Oklahoma has a constitutional and also a statutory provision requiring a general verdict in all jury cases, the Supreme Court of that state held in First National Bank of Oktaha v. Jones, 1925, 111 Okl. 116, 238 P. 488, that if it may reasonably be said the special finding is equivalent to a general verdict it would not reverse a case because of failure to submit a general verdict.

That case was followed in Latting v. Siddons, 1937, 179 Okl. 582, 66 P.2d 923, and Edwards v. Rutland Savings Bank, 1938, 181 Okl. 643, 75 P.2d 1152, but no other court has cited either of these cases.

The defendant also relies on Cooper v. Evans, 1953, 1 Utah 2d 68, 262 P.2d 278, where a judgment rendered on special interrogatories following the refusal of the trial court to submit a general verdict, but Utah has adopted federal rule 49, so that case does not help it.

■ Because of the long established practice of submitting these compensation cases to a jury on special interrogatories alone, we have devoted a great deal of time and study to the point under consideration, and have reluctantly reached the conclusion that the only provision for submitting special interrogatories to a jury is when they are accompanied by a general verdict, unless the latter is waived or it is so submitted by consent.

■ Careful consideration has been given the contention of the defendant that what was done here amounted to a submission on a special verdict, and that such is not prohibited under our rules, but our rule 49 is too limited to allow such construction. Reversible error was committed by the action taken in this case over the objection of the claimant as he was entitled to a general verdict as a matter of right when he asked for it. Such action must be held to have been prejudicial, and this in the face of the negative answer to interrogatory No. 2, supra.

■ The claimant also asserts the trial court erred in refusing to give his requested instruction No. 1 which reads as follows:

"You are instructed that even though you may find that Abel Saavedra has been gainfully employed since his injury, such fact will not deprive him of the benefits of the Workmen's Compensation Act if you further find that his employment has been in a field removed from that in which he was engaged at the time of the injury, or for reason of his disability he is prevented from performing his previous occupation."

We are of the opinion that instructions Nos. 5, 6 and 7 given by the court fairly covered the field. They read:

"5. 'Total disability' within the meaning of that term as used in the Workmen's Compensation Act, does not mean absolute helplessness or inability to do any kind of work whatever. If, by reason of the injury, an employee is so disqualified from performing the usual tasks of a workman that he is unable to procure and retain employment and is unable to pursue his customary employment, or work of the same general character, he is 'totally disabled' within the meaning of that term as used in our Workmen's Compensation Act.

"6. Total disability has been defined as a disability where, by reason of the injury, an employee is so disqualified from performing the usual tasks of a workman that he is unable to procure and retain employment of work of the same general character; i. e., for all practical purposes, disabled from competing for remunerative employment in any general field of endeavor in which he could engage.

"7. A partial permanent disability is a disability which is partial in character but permanent in quality. In the event you are convinced by the preponderance of the evidence that the claimant was partially but permanently disabled as a result of his injury, then you must determine the extent of such disability as the compensation to which he would be entitled would be measured by the extent of his disability."

There was no error in refusing to give the requested instruction.

The claimant next asks that he be awarded attorneys' fees for prosecuting this appeal, but this request must be denied. He has not yet secured an award and, therefore, the application is premature. Magee v. Albuquerque Gravel Products Co., 65 N.M. 314, 336 P.2d 1066.

The judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and CARMODY, JJ., concur.