BILLY SANGSTER, a Minor, by his Father and Next Friend, William Sangster, *et al.*, Plaintiffs-Appellants, *v.* ALBERT J. VAN HECK, Defendant-Appellee.

Third District   No. 76-26

Opinion filed August 20, 1976.

Braud, Warner & Neppl, of Rock Island (Dennis Deporter, of counsel), for appellants.

Bozeman, Neighbour, Patton & Noe, of Moline (John V. Patton, of counsel), for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

The minor plaintiff sued to recover for personal injuries and his father sought recovery of necessary medical costs. After a 2-day trial the cause was submitted to the jury, with appropriate verdict forms and a special interrogatory submitted by defendant. The interrogatory asked whether the minor plaintiff's contributory negligence was a proximate cause of his injury. The parties then waived their rights to be present and to poll the jury when it would return with a verdict, and that the jury should be discharged when it delivered its sealed verdict to the clerk. Later, after the jury had been discharged, the seal was broken by the court. It was then discovered that the jury had returned no general verdict whatever but only their executed affirmative response to the interrogatory. The minor plaintiff moved for mistrial, that the special finding be stricken as contrary to the manifest weight of the evidence, and for new trial. On defendant's motion, the circuit court entered judgment in his favor, as to both claims. This appeal followed.

The single issue is whether an answer made to a special interrogatory, without any accompanying general verdict, can be validly received by the court to support a judgment. The appropriate portions of the applicable statute, at section 65 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 65), recites:

"Unless the nature of the case requires otherwise, the jury shall render a general verdict. The jury may be required by the court, and must be required on request of any party, to find specially upon any material question or questions of fact stated to them in writing. * * * When the special finding of fact is inconsistent with the general verdict, the former controls the latter and the court *may* render judgment accordingly." (Emphasis added.)

■■ The purpose of a special interrogatory is to provide a means for checking the validity of a general verdict. (*Sommese v. Maling Brothers, Inc.*, 36 Ill. 2d 263, 222 N.E.2d 468 (1967).) Accordingly, it defeats the purpose of a special interrogatory and constitutes reversible error for anyone to suggest to the jury either the source of the question or the need for harmonizing the answer to the general verdict. (*Sommese.*) It is

reversible error also to refuse to require the jury to make an answer where one has been requested. (*Butler v. Castillo*, 20 Ill. App. 3d 329, 314 N.E.2d 328 (1974).) Irrespective of its legal effect where a general verdict has been returned, it is not correct to assume that in the absence of a general verdict a jury understands or intends that its response to an interrogatory is a final expression of its conclusion on all the ultimate issues of a case. *Haywood v. Swift & Co.*, 53 Ill. App. 2d 179, 202 N.E.2d 880 (1st Dist. 1964).

In *Haywood*, all the jurors executed a response to a special interrogatory by which they found that plaintiff was not in the exercise of ordinary care for his own safety prior to and at the time of the occurrence described in the complaint. Notwithstanding their apparent concurrence in this special finding, the jurors in *Haywood* informed the court that they were unable to reach a verdict. The circuit court in that case rejected contentions comparable to those asserted by defendant here, that the special finding would control and support a judgment; instead it ordered a mistrial. The appellate court held that since no judgment could be entered on the answer to a special interrogatory without an accompanying general verdict, there was no final judgment or order from which an appeal could be taken.

Courts of other States, construing similar statutes, have held to the same effect. In an early case of *Bell v. Coffin* (1896), 2 Kan. App. 337, 43 P. 861, no general verdict was returned, but only findings on several particular questions. The trial court there, like the circuit court here, considered the answers to these questions sufficient to support its judgment. The language of section 286 of the Kansas Code of Civil Procedure was substantially similar to the language of section 65 in our statute. In reversing the judgment in *Bell* and remanding for a new trial, the Kansas Court of Appeals held that the language of its Code was too imperative to admit of this procedure. Quoting from an earlier decision, the court observed that a litigant is entitled to the benefits the law confers, and that when it grants to one a right of trial by jury and to another a right to test the validity of the verdict by special interrogatory, the court has no power to deprive the one of his right to a general verdict of a jury merely because it has respected the right of another to submit an interrogatory. It is the duty of the court, it was held, to submit special questions upon the request of either party, but it cannot properly dispense with a general verdict, or receive the answer to an interrogatory, until it has first received a general verdict.

In *Saaverda v. City of Albuquerque* (1959), 65 N.M. 379, 338 P. 2d 110, it was more recently held to the same effect as in *Bell v. Coffin* and in *Haywood*. Quoting from an 1894 Colorado decision (*Pickett v. Handy* (1894), 5 Colo. App. 295, 38 P. 606) the court said in *Saaverda* that to give

8

a special finding any force or validity, or to authorize the court to make it the basis of any judicial action, it must be accompanied by a general verdict. The special finding may be inconsistent with the general verdict, in which case it will control insofar as the facts specifically found are concerned, but the general verdict must be there to compare it with.

■■ 3  While a court has power to put a manifestly irregular or defective verdict in such form as to make it conform to the intention of the jury and to carry the jury's findings into effect, where that intention can be ascertained with certainty, such power does not give it authority to evolve an unsigned blank form into a verdict of the jury. (*Roadruck v. Schultz*, 333 Ill. App. 476, 77 N.E.2d 874 (1st Dist. 1948).) Other cases are cited in *Haywood* where courts have reached the same result. (See also 89 C.J.S. *Trials* §491.) We accept this as the controlling law of this case.

Accordingly, the judgment of the circuit court is reversed and the cause is remanded for a new trial on all issues in respect to both claims.

Reversed and remanded.

ALLOY, P. J., and STOUDER, J., concur.