(No. 48914.

BILLY SANGSTER, a Minor, *et al.*, Appellees, v. AL-BERT J. VAN HECKE, Appellant.

*Opinion filed June 1, 1977.*

Bozeman, Neighbour, Patton & Noe, of Moline (John V. Patton and John W. Robertson, of counsel), for appellant.

Dennis A. De Porter, of Braud, Warner, Neppl & Westensee, Ltd., of Rock Island, for appellees.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Billy Sangster, a minor, by William Sangster, his father, and the father individually, filed a complaint in the circuit court of Rock Island County to recover damages from defendant, Albert J. Van Hecke, resulting from a highway collision between the car driven by defendant and the bicycle upon which the minor plaintiff was riding. At the conclusion of a two-day trial the parties stipulated that the jury could return a sealed verdict in the absence of counsel and the judge. When opened subsequent to the discharge of the jury, only the special interrogatory inquiring whether Billy Sangster had failed to exercise ordinary care had been signed by the jurors, and it had been answered affirmatively. None of the six tendered forms of general verdicts had been executed. The trial court entered judgment in favor of defendant, and plaintiffs appealed. The Appellate Court for the Third District reversed (41 Ill. App. 3d 5) and remanded for a new trial. We allowed defendant's petition for leave to appeal.

No question is raised regarding the instructions given. Among them were the following: Plaintiff's instruction No. 8 (Illinois Pattern Jury Instruction (IPI), Civil No. 1.06 (2d ed 1971)):

"Involved in this lawsuit are two distinct claims, one by the child who seeks damages for his injuries, and the other by his father who seeks compensation for money spent or amounts for which he has become liable for reasonably necessary doctor and hospital bills.

If you should find that the child's conduct amounted to contributory negligence, then, even if the parent was innocent of such conduct, neither the parent nor the child may recover. If you should find that the child was not guilty of contributory negligence but the parent was, the defense of contributory negligence is good as against the parent, but it is not good against the child and does not prevent recovery by the child if he is otherwise entitled to recover."

Defendant's instruction No. 11 (IPI Civil No. 10.03 (modified)):

"It was the duty of the minor plaintiff, before and at the time of the occurrence, to use ordinary care, as defined for you in these instructions, for his own safety. That means it was the duty of the minor plaintiff to be free from contributory negligence."

Defendant's instruction No. 12 (IPI Civil No. 11.01 (modified)):

"When I use the expression 'contributory negligence,' I mean negligence on the part of the minor plaintiff, as defined for you in these instructions, that proximately contributed to cause the alleged injury to the minor plaintiff."

Defendant's instruction No. 16 (IPI Civil No. 21.02 (modified)) in part stated:

"Each plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff before and at the time of the occurrence was using ordinary care for his own safety and the safety of his property."

The special interrogatory was executed in the following fashion:

The jury will, from the evidence and under the instructions of the court, answer the following interrogatory by writing under the question, and in the space provided therefor, either "Yes" or "No." Each juror will sign his or her name following your answer on this form:

INTERROGATORY: Do you find from the greater weight of the evidence that Billy Sangster, immediately before and at the time of the occurrence of this cause, failed to use ordinary care, as defined for you in these instructions, in a way which proximately caused or contributed to cause his injury and damage?

ANSWER: *Yes*

*Yes Maype Barnes*
Foreman
*Yes C. W. Larson*
*Yes De Bina Romey*
*Yes Orpha Keller*
*Yes Everett Crawford*
*Yes Richard Haskins*
*Yes Evelyn R. Dakin*
*Yes Jean Fronth*
*Yes Charles Gustafson*
*Yes Josphus Johnson*
*Yes Eva R. Guthrie*
*Yes Laura Marion*

FILED in the CIRCUIT COURT
of ROCK ISLAND COUNTY
GENERAL DIVISION

NOV 18 1975

*Clerk of the Circuit Court*

The appellate court, in remanding the cause, ordered a new trial on both counts of the complaint. Defendant argues the father cannot be entitled to a new trial in any event since he did not file a motion therefor in the trial court. The view we take of the case, however, renders discussion of this issue unnecessary.

The trial court, in entering judgment for defendant, held the jury's finding that Billy Sangster had failed to use

ordinary care was not contrary to the manifest weight of the evidence, and plaintiff does not argue otherwise. The plaintiffs' position is that there can be no judgment unless the jury has returned a general verdict. Section 65 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 65) however, expressly provides that a general verdict which is inconsistent with a special finding is controlled by the latter, and that the court may enter judgment on the basis of the special interrogatory (*Borries v. Z. Frank, Inc.* (1967), 37 Ill. 2d 263, 265-66). This was the rationale of the trial judge's action: that, since a general verdict for the plaintiffs would have been of no effect, judgment would be entered for defendant.

This court has not considered the effect of the jury's return of an executed special interrogatory in the absence of a general verdict. The appellate court in deciding this case relied upon *dicta* in *Haywood v. Swift & Co.* (1964), 53 Ill. App. 2d 179, and upon several decisions in other State courts. Apart from the fact that the *Haywood* language was *dicta,* there is a significant distinction between that case and the facts here, for in *Haywood* the jury had informed the court that it could not reach a verdict. Subsequent to its discharge and the declaration of a mistrial, it was discovered that all 12 jurors had signed the answer to a special interrogatory. It is, of course, entirely clear that the jurors in *Haywood* were, in fact, confused as to the effect of their answer to the special interrogatory. We would agree that no judgment should have been entered here were there any reasonable doubt as to the intent of the jurors.

We do not regard as persuasive the cases from other jurisdictions relied upon by plaintiffs. The issue in *Saavedra v. City of Albuquerque* (1959), 65 N.M. 379, 338 P.2d 110, and in *Bell v. Coffin* (1896), 2 Kan. App. 337, 43 P. 861, was whether a court could refuse to submit a general verdict to the jury and only submit special interrogatories. While those courts held general verdict forms must be

submitted to the jury with the special interrogatories, they do not consider the issue here, *i.e.*, the effect of the return of a dispositive answer to a special interrogatory without an accompanying signed general verdict. In this case, of course, the circuit court did submit a general verdict form to the jury. The issue in *Harris v. Harris* (1944), 62 Nev. 473, 153 P.2d 904, was whether special findings of fact could be considered in aid of a special verdict, a question irrelevant to our case. Finally, the jury in *Bruce v. Hubbell* (1919), 70 Ind. App. 237, 123 N.E. 416, returned a general verdict in favor of plaintiff against one defendant and answers to 16 interrogatories. No general verdict was returned against the other two defendants. The opinion is unclear as to which of the defendants the answers to the interrogatories related, and we do not regard it as significant in the disposition of this case. By contrast in *Kath v. Kath* (1952), 238 Minn. 120, 55 N.W.2d 691, the court held that the jury's answer to an interrogatory constituted, in substance, a general verdict upon which judgment could be entered without a general verdict ever being submitted to the jury. To the same effect are *American Employers' Insurance Co. v. McGeehee* (Okla. 1971), 485 P.2d 754, and *First National Bank of Oklahoma v. Jones* (1925), 111 Okla. 116, 238 P. 488, despite constitutional and statutory requirements for general verdicts.

There is, in our judgment, no reasonable doubt as to the intent of the jurors in this case. They were clearly and adequately instructed and informed in plain language that neither plaintiff could recover if they found Billy Sangster failed to exercise ordinary care in a manner proximately contributing to his injury. They so found. The addition of "yes" before each of their names lends emphasis to that finding. Having been instructed that, if they so found, neither plaintiff could recover, they may well have regarded their task as completed. In any event, we do not believe the failure to sign a general verdict form in this case

casts any doubt upon the intent of the jurors. Since it is not contended their finding is unsupported by the evidence, we believe no useful purpose would be served by putting the defendant to the expense and inconvenience of a new trial. To hold otherwise, in our judgment, would truly exalt form over substance.

The judgment of the appellate court is accordingly reversed, and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*